<hr />

COMMONWEALTH *vs.* NATHAN F. HALLETT.

To a complaint on the St. of 1869, c. 415, for making an unlawful sale of intoxicating liquor, it is no defence that the seller believed that what he sold was a medicine or was not intoxicating.

A defendant who has been convicted of making an unlawful sale of intoxicating liquor under the St. of 1869, c. 415, cannot for the first time at the argument of exceptions in this court set up that the liquor which he sold was cider.

COMPLAINT on the St. of 1869, *c.* 415, to a trial justice in Barnstable, for an unlawful sale of intoxicating liquor to Toby Scoby. At the trial, on appeal, in the superior court, before *Dewey,* J., Scoby testified that the defendant sold to him a bottle containing what was called " plantation bitters ; " and that he drank all the contents of the bottle the next day and thereby got grossly drunk. " The defendant, being called as a witness in his own behalf, and having admitted the sale, was asked by his counsel whether he in good faith sold the article as a medicine, and whether it was generally sold as a medicine. The judge excluded both inquiries, and ruled that the defendant might show that the article sold was a medicine, or that it was not intoxicating liquor, but that his statement that he sold it as medicine in good faith, and proof that it was generally sold as a

medicine, would not be a defence; that it was his duty to ascer-
tain what was the character of the article he sold, and if he sold
it without ascertaining its true quality, and it was intoxicating
liquor, he would be liable therefor. And the judge instructed
the jury to the same effect, and that the question was not what
the article was sold as, but what it really was; that if the arti-
cle sold was a medicine, intended and put up in good faith as a
medicine, though it may have contained some intoxicating liquor
essential to the medicinal preparation, then the defendant would
not be liable." The defendant was found guilty, and alleged
exceptions. It did not appear by the bill of exceptions whether
or not the liquor was sold to Scoby at a public bar or to be
drunk on the premises.

*J. M. Day,* for the defendant, argued that the instruction that,
if the defendant sold the liquor without ascertaining its quality,
and it was intoxicating liquor, he would be liable, was too
broad; for by § 26 of the St. of 1869, *c.* 415, cider was regarded
as an intoxicating liquor, while under § 29 a sale of cider not at
a public bar nor to be drunk on the premises was lawful.

*C. Allen,* Attorney General, for the Commonwealth. It is
immaterial whether the defendant knew or believed plantation
bitters to be intoxicating or not. He was bound at his peril to
ascertain. *Commonwealth* v. *Boynton,* 2 Allen, 160. *Common-
wealth* v. *Farren,* 9 Allen, 490. *Commonwealth* v. *Goodman,* 97
Mass. 119, 120. *Commonwealth* v. *Raymond,* Ib. 569. *Common-
wealth* v. *Emmons,* 98 Mass. 6, 8. This was the only question
raised at the trial; and no other is now open. *Commonwealth* v.
*Stahl,* 7 Allen, 303, 304. *Alexander* v. *Carew,* 13 Allen, 71.

CHAPMAN, C. J. The defendant had no right to sell intoxi-
cating drinks, even if he sold them in good faith as a medicine;
so that the evidence on that subject was immaterial. Nor was
the question whether he knew the character of the liquor ma-
terial.

The instructions given to the jury are not to be understood as
applicable to cider, because it was not pretended that the article
sold was cider.                    *Exceptions overruled.*