DEXTER T. MILLS & another *vs.* JOHN W. PERKINS & others.

Suffolk. Nov. 12, 1875. — March 2, 1876. COLT & LORD, JJ., absent.

The provision of the St. of 1869, *c.* 415, § 28, that "druggists may sell for medicinal purposes only, pure alcohol to other druggists, apothecaries and physicians, known to be such," does not apply to a sale of alcohol by a commission merchant, dealing principally in alcohol, to wholesale druggists.

It is not sufficient evidence of a sale of alcohol "for medicinal purposes only," within the St. of 1869, *c.* 415, § 28, that the buyers were wholesale druggists.

CONTRACT on an account annexed for alcohol and cologne spirits sold and delivered to the defendants, and for cartage thereon. The answer alleged that the several items in the account annexed were sold in violation of the St. of 1869, *c.* 415. Trial in the Superior Court, before *Allen*, J., who allowed a bill of exceptions in substance as follows :

It was proved that the sales were made in Boston in the years 1872 and 1873. During those years the defendants were not licensed, nor either of them, nor appointed to sell intoxicating or spirituous liquors or alcohol. " Cologne spirits " are deodorized alcohol, that is, a purer quality of alcohol than what is denominated alcohol. No part of the alcohol and no part of the cologne spirits was imported, but all was of domestic manufacture.

The only evidence was the testimony of the plaintiffs, each of whom testified that they were, during 1872 and 1873, commission merchants in Boston ; that the article they principally dealt in was alcohol ; that the defendants were wholesale druggists, doing business in Portland ; that the goods were forwarded from Boston to the defendants, or to other parties, as the defendants directed ; that they kept a book containing an account of their sales, the date and quantity of each sale, with the name and residence of each purchaser ; that alcohol is classed among drugs ; also, that it is spirituous liquor, and forms an important part of intoxicating drinks. There was no other testimony tending to prove that the plaintiffs were druggists, or that the alcohol was sold for medicinal purposes only.

The defendants requested the judge to direct a nonsuit, or, if that should be refused, to instruct the jury that their verdict should be for the defendants. The request for a nonsuit, and for

the above instructions, was denied; and the judge ruled that there was evidence proper to be submitted to the jury that the plaintiffs were druggists, and left it to the jury to determine whether, upon the above evidence, the plaintiffs were entitled to their verdict.

The jury found for the plaintiffs for the full amount claimed; and the defendants alleged exceptions.

*J. S. Abbott*, for the defendants.

*O. Stevens & H. Stevens*, for the plaintiffs.

AMES, J.   A druggist, in the popular acceptation of the word, is one who deals in medicines, or in the materials that are used in the preparation of medicines; the term "medicines" being taken in its largest signification.   The St. of 1869, *c.* 415, § 28, which was in force at the date of the sale in this case, evidently uses the word in this sense.   Alcohol undoubtedly enters into the composition of some medicines, but it also has other and more frequent uses less innocent, and not under the protection of the law.   Like any other intoxicating liquor, it may be used medicinally, and when so used it may properly be described as a drug.   But a commission merchant, dealing principally in alcohol, cannot properly be described as a druggist, in the sense in which that word is used in the statute, merely because the article in which he deals is susceptible of use in the preparation of medicines, or admits of medical use.

The only evidence that the sale in this case was for medicinal purposes was that the buyers were wholesale druggists.   It does not appear that the plaintiffs took any pains to inform themselves as to the use that was to be made of the article sold. They did not know that it was to be used for medicinal purposes only, and they could not know that it would not be used in whole or in part in the preparation of intoxicating drinks.   So far as appears, it was sold for any purpose to which the buyers might see fit to apply it.

Upon the case as presented in the bill of exceptions, there is no evidence that the plaintiffs were druggists within the meaning of the statute; and there is no evidence that the sale was for medicinal purposes only.   The result therefore must be

*Exceptions sustained.*