## COMMONWEALTH *vs.* EDWARD L. RAMSDELL.

Middlesex. Nov. 22, 1880. — Jan. 5, 1881. LORD & SOULE, JJ., absent.

The keeping without a license of intoxicating liquors, only for the purposes of mixing them with other ingredients, according to the prescriptions of physicians, to be used as medicine, and of manufacturing such compounds as are commonly used by druggists for medicinal purposes, is not a violation of the St. of 1875, c. 99.

. MORTON, J. This is a complaint for exposing and keeping for sale intoxicating liquors, on March 29, 1880, with intent to sell the same unlawfully. The defendant is an apothecary and druggist, having no license to sell liquors. Upon the evidence, the jury found specially that "the defendant kept the liquors only for the purpose of mixing them with other ingredients, according to prescriptions of physicians, to be used as medicine, and also for the purpose of manufacturing such compounds as are commonly used by druggists, to be sold for the purpose of being used as medicines for remedies for sickness and disease." The court instructed the jury that, if the liquors were kept and used by the defendant solely for these purposes, he was guilty; and the jury accordingly returned a verdict of guilty.

If the construction of the statute upon which these instructions are based is the correct one, then every sale, by a druggist or other person, of any medicine or compound or preparation, in which spirituous or intoxicating liquor enters as one of the

ingredients, in however small a quantity, is within the prohibition of the statute. The statute forbids the sale, without due authority, of spirituous or intoxicating liquors. Such liquors are frequently used in the preparation of medicines and of articles of food. It is not a reasonable construction to hold that the statute prohibits the sale of every medicine or article of food in the preparation of which liquor is used. In order to determine whether the statute applies to a sale, the true test is to inquire whether the article sold is in reality an intoxicating liquor. If it is, the sale is illegal, although it is sold to be used as a medicine, or it is attempted to disguise it under the name of a medicine, or it is a mixture of liquor and other ingredients. *Commonwealth* v. *Hallett*, 103 Mass. 452. *Commonwealth* v. *Bathrick*, 6 Cush. 247. *Commonwealth* v. *Sloan*, 4 Cush. 52. But if the article sold cannot be used as an intoxicating drink, it is not within the prohibition of the statute, although it contains as one of its ingredients some spirituous liquor. The sale of such article is not within the mischief intended to be remedied by the statute, nor within the fair meaning of its language. We are therefore of opinion that the instructions given at the trial were erroneous. *Exceptions sustained.*

*G. Stevens*, for the defendant.

*G. Marston*, Attorney General, *& F. H. Gillett*, Assistant Attorney General, for the Commonwealth, cited *Commonwealth* v. *Kimball*, 24 Pick. 366; *Commonwealth* v. *White*, 10 Met. 14; *Commonwealth* v. *Sloan*, 4 Cush. 52; *Commonwealth* v. *Bathrick*, 6 Cush. 247; *Commonwealth* v. *Boynton*, 2 Allen, 160; *Commonwealth* v. *Goodman*, 97 Mass. 117; *Commonwealth* v. *Hallett*, 103 Mass. 452; *Mills* v. *Perkins*, 120 Mass. 41; St. 1878, *c.* 203.