JOHN S. KING AND GEORGE WALL *v.* THE STATE.

1. RETAILING LIQUOR.  *Intoxicating compound.  "Home Bitters."  Instruction.* K. and W. were indicted for selling vinous and spirituous liquors without a license.  The evidence on the trial showed these facts: The defendants had been selling a compound called "Home Bitters," which they claimed was a medicine, though it contained thirty per cent of alcohol, the other ingredients being bark, peelings, and seeds of trees, fruit, herbs, etc.  It was sold as any other merchandise, without any inquiry by the seller as to the purpose for which it was being bought; and the witnesses for the prosecution testified that they bought it because of the alcohol contained in it, and for the purpose of producing intoxication.  The court instructed the jury for the State, in effect, that if the compound was intoxicating, and was sold by the defendants as a spirituous beverage, and not as a medicine, they ought to find the defendants guilty.  And for the defendants the court charged the jury, substantially, that if the defendants sold the compound in good faith as a medicine, and not as a spirituous beverage, they ought to be acquitted, notwithstanding the fact that it contained spirituous liquor sufficient to intoxicate.  *Held,* that the instructions fairly presented the law of the case..

2. PRACTICE.  *Criminal law.  Instruction.  Repetition.* It is not error for the court to refuse to give an instruction asked by the defendant in an indictment, when it has been already substantially given, though in different language.

APPEAL from the Circuit Court of Grenada County.

Hon. SAMUEL POWELL, Judge.

The case is sufficiently stated in the opinion of the court.

*Fitz-Gerald & Whitfield*, for the appellants.

The first charge for the State is clearly erroneous in several particulars : (1) The statement that " the question of how much it would require to produce intoxication should not be considered by the jury " is certainly error.   6 Cent. L. J. 376. Again : (2) this instruction states it to the jury as a fact, that " mixing tonics — as, barks — into (?) it " (the compound) is " an evasion or subterfuge."   The language is : " The evasion or subterfuge, such as mixing," etc. ; clearly stating that such mixing is an evasion — a question for the jury, not for the court.   The second charge for the State distinctly informs the jury that although the proof may satisfy them that " Home Bitters" is a " medicine," yet they must convict ; that is to say, a party may be indicted or convicted of retailing vinous or spirituous liquors, etc., where the proof is that the thing sold was medicine, and not vinous or spirituous liquors at all. This is ridiculous.

It is manifest that the refusal of instructions asked by the defendants controlled the jury.   They had no discretion left ; they did just what the instructions given *required* them to do — convicted.

There is a case (*Carman* v. *The State*, 18 Ind. 450) in which the doctrine is announced, with all apparent gravity, that the " court *judicially* know whiskey to be an intoxicating liquor." In this case " the *court*" went a step further, and judicially announced " Home Stomach Bitters " to be intoxicating liquor.   We are not content with this announcement, and insist (1) that the instructions are clearly wrong ; and (2) that the proof was not sufficient to authorize the verdict.

*T. C. Catchings*, Attorney-General, for the State.

This case is an important one.   The stuff sold is a vile imposition if it be considered as a medicine, and a miserable subterfuge and evasion of the liquor-laws if it be regarded as

an alcoholic beverage.   If it be the latter, the traffic in it should be broken up.

The sole question in this case is, whether or not the defendants unlawfully sold vinous and spirituous liquors.   That they were ignorant of the nature of the substance sold, or may have believed it to be medicine, is not of the slightest consequence.   *The Commonwealth* v. *Farren,* 9 Allen, 490.   It is a very common thing for devices to be resorted to to evade liquor-laws.   We frequently see liquors advertised with the most harmless names, as "bitters," "tonics," "alteratives," "cordials," etc.   2 Whart. Cr. Law, 2443.   But if the view which I take of our statutes on the subject be correct, it is impossible to evade them by any device whatsoever.

It is claimed that while the appellants could not have sold the whiskey contained in the bitters separately, by mixing other substances with it they could sell it with impunity. Whether mixed or not with other substances, they were selling vinous and spirituous liquors contrary to the statute.

I sincerely hope that this case may be affirmed, since it would remove one of the crying evils now afflicting the State.

COOPER, J., delivered the opinion of the court.

The appellants were indicted in the Circuit Court of Grenada County for unlawfully selling vinous and spirituous liquors in less quantities than one gallon.

The evidence showed that the defendants sold, in quantities of from a pint to a quart, a compound called "Home Bitters," which the defendants claimed was a proprietary medicine, which, though containing alcohol, it was lawful for them to sell without obtaining license to retail, under the provisions of the Code governing the retailing of vinous and spirituous liquors.

The evidence introduced by the defendants themselves shows that the compound sold contained thirty per cent of alcohol, and that the other ingredients were water and various barks, and the peelings and seeds of trees, fruit, and herbs; that the compound was sold as any other merchandise, to be devoted

by the purchaser to such purposes as he desired, and without inquiry by the seller as to the purpose for which it was bought. The evidence for the State showed that it was purchased by the State's witnesses because of the alcohol it contained, and used by them for the purpose of producing intoxication.

The court charged the jury in effect, for the State, that if the compound was intoxicating, and was sold by the defendants as a spirituous beverage, and not as a medicine, they ought to find the defendants guilty. And for the defendants it instructed the jury that if they believed the defendants sold the compound in good faith as a medicine, and not as a beverage, they ought to be acquitted, although it contained vinous or spirituous liquors sufficient to intoxicate. And these instructions, we think, fairly presented the law of the case. One authorized to sell medicines ought not to be held guilty of violating the laws relative to retailing, because the purchaser of a medicine containing alcohol misuses it and becomes intoxicated; but, on the other hand, these laws cannot be evaded by selling as a beverage intoxicating liquors containing drugs, barks, or seeds which have medicinal qualities. The uses to which the compound is ordinarily put, the purposes for which it is usually bought, and its effect upon the system, are material facts from which may be inferred the intention of the seller. If the other ingredients are medicinal, and the alcohol is used either as a necessary preservative or vehicle for them, — if from all the facts and circumstances it appears that the sale is of the other ingredients as a medicine, and not of the liquor as a beverage, — the seller is protected; but if the drugs or roots are mere pretences of medicines, shadows and devices under which an illegal traffic is to be conducted, they will be but shadows when interposed for protection against criminal prosecution.

The instructions refused by the court on the application of the defendants were substantially given in other instructions, and it was not the right of the defendants to propound the same propositions in different phraseology. The law appli-

cable to the defence set up had been correctly and sufficiently ·stated, and the court did not err in refusing to charge in other language the same ideas.

The judgment is affirmed.