## JOHN BERTRAND *v.* STATE.

1. INTOXICATING LIQUORS.   *Tincture of ginger not within the statute prohibiting sale.   Code* 1892, § 1592.

   A sale of tincture of ginger, pharmaceutically prepared, in good faith, as a medicine, by a duly licensed druggist, does not violate § 1592, code 1892, prohibiting the sale of "vinous, alcoholic, malt, intoxicating, or spirituous liquors or intoxicating bitters, or other drinks, which, if drunk to excess, will produce intoxication."

2. SAME.   *Test of criminality.*

   The test of criminality in the sale, by druggists, of such preparations is whether the tincture, or essence, containing alcohol was a medicine, and sold as such in good faith, and not as a beverage, or whether it was a sham preparation, disguised as a medicine, but really an intoxicating liquor, and sold as a beverage. *King and Wall* v. *State*, 58 Miss., 737.

FROM the circuit court of Perry county.

HON. A. G. MAYERS, Judge.

The charge against the appellant was selling intoxicating liquor without a license.   On the trial, it was shown by a witness for the state that the appellant had sold to him "tincture

of ginger;'' that he bought it to drink when diluted; that it was purchased from appellant at his drug store for its intoxicating effects, but that nothing was said about his purpose in buying it; that he could not drink it in its condition at the time of purchase, and, in order to do so, had to dilute it by adding two parts of water to one of the tincture; and that, so diluted, he drank it, and it was intoxicating. Another witness for the state testified to substantially the same facts, but entirely failed to fix the date of sale.

It was shown on behalf of appellant that the tincture of ginger is used by all physicians when prepared under the formulæ of the United States Dispensatory, the reliable character of which work was also shown; that the tincture in question was so prepared, and could not be used as an intoxicant without danger of serious injury to the person drinking it; that a person, ordinarily speaking, could not take enough of it to intoxicate him; that appellant was a duly licensed druggist, and sold the tincture in good faith as a medicine, and that to drink it in the form in which it was sold would likely produce death.

The court below refused to allow appellant to show that there were many other officinal tinctures used by physicians, which, if diluted with water, and then drunk to excess, would produce intoxication; and also to allow appellant to introduce in evidence his license as a druggist, and to show by the testimony of the witness, Dr. Gillis, that he knew how the tincture was prepared, and for what use and purpose.

The following instruction for the state was given: '' If the jury believe, from the evidence, that the accused sold essence or tincture of ginger, or something called essence or tincture of ginger, or any other liquor or drink which, when diluted with water, if drunk to excess, would produce intoxication, they ought to find the defendant guilty as charged.''

The court refused to give the following instructions asked by the appellant: 1. If the jury believe, from the evidence, that the defendant sold tincture of Jamaica ginger as a medicine,

in good faith, and that the same was prepared by the directions of the United States Dispensatory, and is recognized by the medical profession of the United States, then the defendant is not guilty. 2. If the jury believe, from the evidence, that the tincture prepared by the defendant could not be drunk to intoxication, without being diluted, and that the defendant did not participate in its dilution and knew nothing of it, then he is not guilty as charged, and the jury will so find. 3. If the jury believe, from the testimony, that the ginger sold to Davis and Brown (the witnesses for the state) was sold in good faith as a medicine, and that the same could not have been used to such an extent as to produce intoxication at the time of sale, without diluting it, then the defendant is not guilty of unlawfully selling intoxicating drinks as charged.

*Thomas Brady* and *R. H. Thompson*, for appellant.

"Tinctures," as known in pharmacy and physic, are officinal medicines, extracts of vegetables, procured by dissolution in alcohol. Many are mentioned in the United States Dispensatory, and many are in daily use by physicians. Although some of them may be diluted and drunk to intoxication, § 1592, code 1892, does not apply to a sale of any of them, when made by a duly licensed druggist, in good faith, as a medicine. Intoxicating liquor cases, 25 Kan., 751, s. c. 37 Am. Rep., 284; *King and Wall* v. *State*, 58 Miss., 737; *Commonwealth* v. *Ramsdell*, 130 Mass., 68; *State* v. *Haymond*, 20 W. Va., 18, s. c. 43 Am. Rep., 787.

*Frank Johnston*, attorney-general, for the state.

The prevailing opinion seems to be that, if the article sold is not changed in character, but still remains an intoxicating liquor, the addition of roots, herbs, bark and the like, will not take it out of the operation of the statute. At the same time it is held that such statutes do not apply to medical preparations in which alcohol is used in quantities sufficient to produce intoxication, which are sold *bona fide* for medical purposes.

*King and Wall* v. *State,* 58 Miss., 737; *Laffers* v. *State,* 38 Iowa, 422; *Knowles* v. *State,* 57 Iowa, 669.

There are also certain intoxicants that the courts recognize as within the statute—such as brandies, whiskies and the like— and certain medicinal preparations which may produce intoxica- tion, which the courts may declare, as matter of law, not to be within the statute. Intox. Liq. Cas., 25 Kan., 751, s. c. 37 Am. Rep., 284. It has been also declared that alcohol is a quality or ingredient of vinous and spirituous liquors, but is itself neither the one nor the other, and not within the statute. *Lemly* v. *State,* 70 Miss., 242; *Martin* v. *State,* 34 Ark., 340. And, again, there is a line of cases holding that where liquor is sold as a medicine, the statute is violated without regard to the motive of the sale, unless the statute contains the exception. 2 Whart. on Crim. L., § 2439; *Kimball* v. *Commonwealth,* 24 Pick. (Mass.), 366; *Burns* v. *State,* 31 Me., 522. Finally, there is a class of articles, primarily and ordinarily medicines, though intoxicants, the sale of which may be lawful or unlaw- ful, according to the motive and intention in the sale. The article sold to appellant was of this last mentioned class, and the sole question for review is whether or not the court below erred in excluding from the consideration of the jury the intent with which the sale was made by the appellant.

It should be noted that the statute construed in *King and Wall* v. *State, supra,* unlike that under which appellant was con- victed, does not contain the terms " any intoxicating liquors," or "intoxicating bitters," or "intoxicating drinks." Code 1880, § 1112; code 192, § 1592.

For a full review of the whole subject, reference may be had to the following: *Russell* v. *Sloan,* 33 Vt., 656; *Commonwealth* v. *Ramsdell,* 130 Mass., 68; *Hallett* v. *Same,* 103 Mass., 452; *Bathrick* v. *Same,* 6 Cush. (Mass.), 247; *Sloan* v. *Same,* 4 Cush. (Mass.), 52; *Wray* v. *State,* 72 N. C., 253; *Wright* v. *State,* 20 Mo. App., 412; 11 Am. & Eng. Enc. L., pp. 57 to 577, inclusive.

WHITFIELD, J., delivered the opinion of the court.

The test question in this case was whether the essence or tincture of ginger in this case was a medicine, sold by appellant to Davis as such in good faith, and not as a beverage, or whether it was a sham preparation, disguised as medicine, really an intoxicating liquor, sold as a beverage. If the former, appellant should have been acquitted; if the latter, convicted. The learned court below excluded the testimony of Dr. Stevens and Dr. Gillis, the appellant's license and certificate of registration as a druggist, and refused, among others, instructions numbered one and three, to the defendant, and charged the jury, for the state, that if they believed from the evidence that appellant sold essence of ginger, and that it, when diluted with water and drank to excess, would produce intoxication, they should convict appellant, wholly ignoring appellant's motive in the sale, and whether, when sold, it was a medicine, known and recognized as such, and incapable in its then state of being used as a beverage. The learned judge excluded all proof that it was a standard medicine, prepared according to a standard formula laid down in the United States Dispensatory, and used by physicians throughout the United States as a medicine in their practice. Appellant testified that he so made it, and never sold it otherwise than as a medicine. The state's witnesses testified that it could not be used, as bought, as a beverage, but that, by diluting it sufficiently with water, it would, if enough of it were drunk, produce intoxication. The appellant was a duly licensed druggist. The appellant also offered to prove by Dr. Stevens, a practicing physician, that there were a great many other officinal tinctures used by practicing physicians in the United States, which, if diluted with water and drunk to excess, would produce intoxication, and this was excluded. The court refused defendant's instruction number one, propounding the proposition that, "if the jury believed from the evidence that defendant sold tincture of Jamaica ginger as a medicine, in good faith, and believed, further, from the evi-

dence, that the same was prepared by the directions of the United States Dispensatory, and that the same was recognized by the medical profession of the United States," they should acquit.

This charge substantially was approved in *King and Wall* v. *State*, 58 Miss., 740, as we think, correctly. The true rule is there announced with great clearness, the court saying: "One authorized to sell medicines ought not to be held guilty of violating the laws against retailing because the purchaser of a medicine containing alcohol misuses it and becomes intoxicated, but, on the other hand, these laws cannot be evaded by selling as a beverage intoxicating liquors containing drugs, barks or seeds which have medicinal qualities. If the other ingredients are medicinal, and the alcohol is used as a necessary preservative or vehicle for them—if, from all the facts, it appears that the sale is of the other ingredients as a medicine, and not of the liquor as a beverage—the seller is protected; but if the drugs or roots are mere pretenses of medicines, shadows and devices under which an illegal traffic is to be conducted, they will be but shadows when interposed for protection against criminal prosecution." The same test, in equally clear-cut language, is laid down in *Commonwealth* v. *Ramsdell*, 130 Mass., 68, 69; *State* v. *Haymond*, 43 Am. Rep., 789, and in a multitude of other cases. See 11 Am. & Eng. Enc. L., 573, *et seq.* We refer specially to the masterly opinion of Mr. Justice Brewer, now of the United States supreme court, in "The Intoxicating Liquor Cases," 25 Kan., 751, s.c. 37 Am. Rep., 284. From *King and Wall* v. *State*, 58 Miss., 737, and *Commonwealth* v. *Ramsdell*, 130 Mass., 68, and authorities *supra*, it is obvious that the issue in the case—the test question above set forth—was not submitted to the jury.

The instructions 1 and 3, asked by the appellant, should have been given, the instruction for the state framed to present this issue, and the testimony referred to above as offered by the appellant, should have been received, and the jury, thus under

proper instructions as to the real issue they were to try, left to respond on these charges and the facts as the very truth of the matter might appear.

*Reversed and remanded.*