Statement of the case.

JACOB R. GOODE *v.* STATE OF MISSISSIPPI.

[40 South. Rep., 12.]

1. INTOXICATING LIQUORS.  *Unlawful sale.  Medicine.*

   The sale of a decoction, intended primarily as a medicine, although
   it will produce intoxication when drunk to excess, is not a viola-
   tion of the statute, Code 1892, § 1592, prohibiting the sale of in-
   toxicants, unless it were sold as a beverage, and not as a medicine.

2. SAME.  *Presumption.  Prima facie case.*

   In a prosecution for selling intoxicants, the state makes out a
   *prima facie* case of guilt by proof of the sale by the defendant
   and of the intoxicating nature of the liquor.

3. SAME.  *Instruction.*

   Where, on a prosecution for the unlawful sale of intoxicants, it
   appeared that the defendant had sold a bottle of bitters, and
   that the bitters when drunk to excess would produce intoxication,
   and the defense was that the intoxicant was sold as a medicine,
   it was error, as ignoring the defense, to instruct the jury that if
   defendant asked no question as to whether the purchaser wanted
   to use the bitters as a beverage or a medicine he was guilty.

FROM the circuit court of Tate county.

HON. JAMES B. BOOTHE, Judge.

Goode, the appellant, was indicted and tried for and convicted
of the unlawful sale of intoxicants, and appealed to the supreme
court.

The appellant sold a bottle of K. K. K. bitters; the purchaser
bought it to drink as a beverage, and testified that it was an intox-
icating drink.  Goode, the appellant, who was a licensed mer-
chant, kept the bitters on sale as a medicine, made no secret of the
fact, never made any inquiry about its effects, and never asked
any questions of purchasers as to their intended use of it.

The court gave only one charge for the state, which was as
follows:

"The court instructs the jury, for the state, that if they believe
from the evidence, beyond a reasonable doubt, that the defendant

sold the preparation known as 'K. K. K.' to the witness, Brewer, at the time and place as alleged, and that Brewer bought said preparation as a beverage, and that defendant asked no questions as to whether he wanted it to drink as a beverage or as a medicine, then defendant is guilty, as charged in the indictment, if the jury further believe from the evidence beyond a reasonable doubt that the preparation, if drunk to excess, would produce intoxication with any person."

The following two charges were given for the defendant—viz.:

"(1) The court instructs the jury, for the defendant, that if the jury believe from the evidence that the compound in question, 'K. K. K.,' was sold by the defendant in good faith as a medicine, and not as a beverage, he should be acquitted, notwithstanding the fact that it contained spirituous liquor sufficient to intoxicate; and if the jury have a reasonable doubt, arising from the evidence, as to whether the said compound was sold by said defendant in good faith as a medicine or as a beverage, the jury will find him not guilty.

"(2) The court instructs the jury, for the defendant, that the burden of proof is upon the prosecution to make out its case to the satisfaction of the minds of the jury beyond every reasonable doubt; and if the case is not so made out, after hearing all the testimony of the guilt or innocence of the defendant, they are bound to acquit him."

The following charge was refused to defendant—viz.:

"(3) The court instructs the jury, for the defendant, that the preparation in question is presumed to have been sold as a medicine, and not as a beverage, and that the burden of proof is upon the state to remove this presumption to the satisfaction of the jury beyond every reasonable doubt by evidence presented to the jury."

*J. W. Lauderdale,* for appellant.

It is not claimed that the appellant was a licensed druggist, but he was a licensed merchant, and thereby authorized to sell all

kinds of patent medicines, provided they were sold in good faith as medicines, put up as such, and not sold as sham preparations, disguised as medicines.    Laws 1904, sec. 66.

In *King & Wall* v. *State,* 58 Miss., 737, it was held that "one authorized to sell medicines ought not to be held guilty of violating the laws relative to retailing (meaning the sale of intoxicants), because the purchaser of a medicine containing alcohol misuses it and becomes intoxicated."    And again, in *Bertrand* v. *State,* 73 Miss., 51 (s.c., 18 South. Rep., 545), when a similar case was presented to the court, this decision was reaffirmed.

The instruction given for the state wholly ignored the seller's right, and virtually told the jury that, although they might believe from the evidence that the preparation called "K. K. K." was a good medicine, and that it was sold by the defendant in good faith as such, yet, if they further believed that it contained alcohol, the defendant was guilty, and the jury should so find. This is not the law, and the jury should not have been so instructed.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The sale of every intoxicating compound is, *prima facie,* unlawful.    Known and recognized intoxicants, such as whisky, wine, and beer, are intoxicating as a matter of common knowledge, and the fact need not be proved.    When it is shown that any liquor, by whatsoever name called, contains alcohol in such quantities as to be intoxicating, it ought to devolve upon the defendant to show its medicinal properties and the good faith in which it was sold.    This theory is fairly deducible from the *Intoxicating Liquor case,* recognized as the leading case—25 Kan., 751—a case followed by our court in *Bertrand* v. *State,* 73 Miss., 51 (s.c., 18 South. Rep., 545).    In that case, Justice Brewer said that "if the intoxicating liquor remains as a distinctive force in the compound, and such compound is reasonably liable to be used as an intoxicating beverage, it is within the statute—and this, though it contains many other ingredients, and

ingredients of an independent and beneficial force in counteracting diseases or strengthening the system." Taking this definition, the compound in question was within the statute, and it necessarily became the duty of the defendant to show his good faith by selling only to those who needed the compound as a medicine. To hold otherwise would be to open a door to violators of the law. All that would be necessary in order to escape punishment would be to label an intoxicating compound with some medical name, and it could be sold, without let, to any purchaser. The jury could not have been misled, as defendant's first instruction follows the Mississippi cases on the subject.

The doctrine that the burden is on the defendant to show his innocence is not without warrant in the authorities. Thus it has been held in Alabama that when the state proves a sale of intoxicating liquor, the burden is on defendant to show that the liquor was such as he had a right to sell. *Tinker* v. *State,* 11 South. Rep., 383.

An Indiana statute prohibited the sale on Sunday of intoxicating liquors to be drunk as a beverage. Held, that when a sale of intoxicating liquors is shown to have been made on Sunday, it devolves upon defendant to establish that the liquors were not sold to be drunk as a beverage. *Morel* v. *State,* 89 Ind., 279.

In Iowa, the statute provides that certain home-grown wines and ciders shall be exempted from the statute. It has been repeatedly held there that the defendant must prove that the liquor sold was within the exceptions. *State* v. *Carley,* 33 Iowa, 359; *State* v. *Miller,* 53 Iowa, 84; *State* v. *Harris,* 64 Iowa, 287; *State* v. *Cloughly,* 73 Iowa, 626.

To the same effect, *Young* v. *Commonwealth,* 77 Ky., 161; *State* v. *Robinson,* 49 Me., 285; *State* v. *Finn,* 38 Mo. App., 504.

Of course, it devolves upon the state to prove that the fluid was intoxicating, and this was done. The proof showed that the stuff was an intoxicating liquor, within the classification of

the Kansas case. Then it unquestionably became the duty of defendant to prove that he had the right to sell this beverage, and that he sold it in good faith as a medicine.

TRULY, J., delivered the opinion of the court.

The third instruction asked by the defendant was properly refused. It did not state the law. The presumption of law is that every intoxicating liquor sold without authority of a license is in violation of law. Upon a prosecution for an unlawful sale of intoxicating liquor, the general rule is that the state, by proving the sale and the intoxicating nature of the liquor, makes out a *prima facie* case authorizing a conviction.

There is, however, a certain class of liquors or preparations which, though intoxicating in their nature, may nevertheless be lawfully sold under certain circumstances by persons not having license to sell intoxicants, such as proprietary or pharmaceutical preparations prepared primarily as medicines. As to such compounds, their sale is not forbidden under any and all circumstances, but a criminal intent on the part of the seller must exist in order to make a sale thereof a crime. A druggist or other dealer having lawful authority to sell such preparations is not guilty of a crime on every occasion when he makes a sale, even though the purchaser, through a morbid craving for alcoholic stimulants, may convert the medicinal preparations into the medium to produce a drunken debauch. As said by this court in *King & Wall* v. *State,* 58 Miss., 737 (38 Am. St. Rep., 344), "one authorized to sell medicines ought not to be held guilty of violating the laws relative to the sale of intoxicants because the purchaser of a medicine containing alcohol misuses it and becomes intoxicated." Otherwise, every time a druggist or other dealer sold a bottle of any one of many recognized medicinal preparations, however innocent the sale might be on his part, he would be liable to a criminal prosecution, if the purchaser, though a stranger to him, should devote the preparation to the purposes of intoxication—

and this, too, even though the druggist or dealer was ignorant of the intoxicating nature of the preparation sold. This is not the law. The true rule is that expressed in the case of *King & Wall, supra.* In that case the instruction for the state, which was upheld, in effect charged the jury "that if the compound was intoxicating, and was sold by the defendants as a spirituous beverage, and not as a medicine, they ought to find the defendants guilty." And that instruction clearly expresses the real test of guilt in the state of case made by this record. If three things appear from the evidence to the satisfaction of the jury they should convict—(1) that the defendant sold the article; (2) that the compound was intoxicating; and (3) that it was sold by the defendant as a spirituous beverage, and not as a medicine. But all three of these elements of guilt must be proven in order to sustain a conviction, where the compound is intended primarily as a medicine. It is not enough that the sale should have been made by the defendant, and that the compound, if drunk to an excess, would be intoxicating; the evidence must go further, and show from the attendant circumstances of the sale, the conduct and demeanor of the parties, and all other things shedding light upon the transaction, that the sale was made by the defendant, not as a medicine, but as a beverage. "The uses to which the compound is ordinarily put, the purposes for which it is usually bought, and its effect upon the system, are material facts from which may be inferred the intention of the seller. If the other ingredients are medicinal, and the alcohol is used either as a necessary preservative or vehicle for them; if from all the facts and circumstances it appears that the sale is of the other ingredients as a medicine, and not of the liquor as a beverage, the seller is protected; but if the drugs or roots are mere pretenses of medicines, shadows and devices under which an illegal traffic is to be conducted, they will be but shadows when interposed for protection against criminal prosecution." *King & Wall* v. *State, supra.*

The instruction for the state does not comply with the rule announced. It charges the jury that if the defendant sold the preparation to the witness, and the witness bought the preparation as a beverage, and "the defendant asked no questions as to whether he wanted it to drink as a beverage or as a medicine," then the defendant was guilty, if the compound when drunk to excess would produce intoxication. This was in effect, under the facts of this case, a peremptory instruction to convict the defendant. The record shows that appellant did not deny the sale; the uncontradicted proof by several witnesses is that the compound, if drunk to excess, would produce intoxication; and the defendant admitted that he made the sale in the ordinary course of business, without asking any questions as to what disposition was to be made of it. The legal effect of this instruction was to say to the jury that the mere fact that the defendant asked no questions when he made the sale was conclusive proof that it was sold by the defendant as a spirituous beverage. The instruction ignored the defense of appellant that he made the sale in good faith as a medicine. This was error. Under the facts of the case, it may be that the conduct of the defendant and the circumstances of the sale would be sufficient to justify the jury in deciding that the defendant did make the sale, knowing the compound was to be used as a beverage. While this may be true as a question of proof, it was error to charge that such conduct as a matter of law constituted proof of guilt. To this extent, also, the instruction was upon the weight of the evidence.

*For the reason indicated, the judgment is reversed and the cause remanded.*