STATE *vs.* LEVIN HASTINGS.

1. INTOXICATING LIQUORS—CRIMINAL PROSECUTIONS—EVIDENCE.

In a prosecution for the sale of spirituous liquor, the defendant, to avail
himself of the defense that the Jamaica ginger sold by him was not a spirit-
uous liquor, but was a medicine, and was sold in good faith as such, must prove
it to the satisfaction of the jury.

2. INTOXICATING LIQUORS—OFFENSES—SALES FOR MEDICINAL PURPOSES.

A person has the right to sell Jamaica ginger, the same being a medicine,
for medicinal purposes; but he has no right to sell Jamaica ginger, a spirit-
uous liquor, even if it be a medicine, to be used as a beverage.

3. INTOXICATING LIQUORS—OFFENSES—SALES FOR MEDICINAL PURPOSES.

To convict one of a sale of spirituous liquor, it is necessary for the jury
to find that accused sold the liquor with intention that it be used as a bever-
age, irrespective of the subsequent uses to which the purchaser put it.

4. INTOXICATING LIQUORS—CRIMINAL PROSECUTIONS—EVIDENCE.

In determining the purpose for which accused sold Jamaica ginger, the
jury must consider all the evidence concerning the facts and circumstances
surrounding the sale, including the amount sold and statements made by the
purchaser, as well as any actual knowledge the accused had.

5. INTOXICATING LIQUORS—OFFENSES—SALE FOR MEDICINAL PURPOSES.

A person selling spirituous liquor as medicine must make the sale in

good faith as such, and he must use reasonable care and prudence to ascertain for what purpose it is to be used.

6.  INTOXICATING LIQUORS—OFFENSES—SALES BY AGENTS.
   Where a clerk, acting as agent for accused, sells spirituous liquor with the authority or consent or under the direction of the accused, his act is the act of the accused, and the accused is as criminally liable as though he himself made the sale.

7.  CRIMINAL LAW—EVIDENCE—BURDEN OF PROOF.
   A person charged with a crime is presumed to be innocent till he is proven guilty to the satisfaction of the jury beyond a reasonable doubt, and the burden of proof is on the state.

*(October* 13, 1911.)


Judges WOOLLEY and RICE sitting.

*Josiah O. Wolcott* and *Frank M. Jones*, Deputies Attorney General, for the State.

*Robert C. White* and *Daniel J. Layton, Jr.*, for the defendant.

Court of General Sessions, Sussex County, October Term, 1911.

INDICTMENT (No. 27, June Term, 1911) for selling spirituous liquor, to wit, Jamaica ginger, the same not being for medicinal or sacramental purposes.

The facts and questions presented appear in the charge of the court.

At the trial the state proved the sale of three bottles of Jamaica ginger to one K., the same not being bought for medicinal or sacramental purposes, and that the said ginger was a spirituous liquor containing ninety-five per cent alcohol.

## STATE'S PRAYERS.

1.  The seller of spirituous liquor is not absolutely bound to know that such liquor was being sold for medicinal or sacramental purposes, but he is bound to use all reasonable means for ascertaining the fact whether such sale is for such purposes. It is for the jury to determine whether the defendant used all reasonable means necessary under the circumstances to ascertain whether the sale was for medicinal or sacramental purposes, or otherwise.

*State v. Fahey*, 5 *Penn.* 585, 65 *Atl.* 260.

2.  The defendant admits every allegation contained in the indictment, without this: He denies that he committed the act complained of unlawfully; on the contrary he contends that he

committed the act lawfully, in that the sale was of the liquor in question as a medicine. In passing upon this contention the question for the jury's investigation and determination is whether under all the evidence produced before it the defendant did exercise reasonable diligence to ascertain whether the liquor in question was being sold for medical use by the prosecuting witness. And this was a fact concerning which the defendant or his servant or agent might not inquire either carelessly or with indifference, for the statute in this case was enacted to prohibit all sales of spirituous, vinous or malt liquors unless for the purposes excepted by the statute. The vendor, his agent or servant, is bound to use all reasonable means to ascertain whether the person desiring the liquor is in fact purchasing it for medicinal or sacramental purposes, and if such a vendor sells spirituous liquor and the same is not sold for medicinal or sacramental purposes without due and reasonable effort to ascertain the fact so as not to defeat the very object and purpose of the statute, then he violates the act.

3. In many cases, at least, a vendor of spirituous liquor would not meet the requirements of the act by simply asking a person applying for such liquor if he or she desires it for medicinal or sacramental purposes and relying upon an affirmative answer, make a sale to such person. For if nothing more should be required than to ask if the spirituous liquor were desired for such purposes and have such person answer in the affirmative, then the purpose of the act could be, and doubtless would often be violated.

*State v. Salkowski*, 6 *Penn.* 472, 69 *Atl.* 839; *State v. Blair*, 72 *Iowa* 591, 34 *N. W.* 432.

## DEFENDANT'S PRAYERS.

1. That the court instruct the jury to render a verdict of not guilty.

2. That the court charge the jury that Jamaica ginger is not a spirituous liquor within the meaning and contemplation of *Section* 11, *Chap.* 65, *Vol.* 24, *Laws of Delaware.*

3. That if the jury shall believe that the defendant sold Jamaica ginger, scientifically produced, their verdict should be "not guilty".

4. That if the jury shall believe that the defendant sold
Jamaica ginger, honestly believing it to be a standard drug, and
sold it as a standard drug and not as a beverage, the verdict should
be "not guilty".

RICE, J., charging the jury:

Gentlemen of the jury:—Levin Hastings, the prisoner, is
charged in this indictment with selling, in this county, on June
11th, A. D. 1911, spirituous liquor, to wit, Jamaica ginger, to one
Arris Kinney, the same not then and there being sold for medicinal
or sacramental purposes.

The indictment in this case is based on what is commonly
known as the local option law, it being *Chapter* 65, *Volume* 24, *Laws
of Delaware*, and approved March 21st, 1907, which law in part
provides: "It shall be unlawful for any person or persons, firm,
company, association or corporation or the agent, officer or ser-
vant of any firm, company, association or corporation, to sell
spirituous, vinous or malt liquors, except for medicinal or sacra-
mental purposes" within certain districts in this state; Sussex
County now being one of these districts.

The state produced evidence to prove that a clerk in the
store of Levin Hastings, at Delmar, in this county, at that store
on the tenth day of June, of the present year, sold spirituous
liquor, to wit, Jamaica ginger, to Arris Kinney for purposes other
than medicinal or sacramental.

[1] The prisoner does not deny that a sale of Jamaica ginger
was made at that place and at that time to Arris Kinney, but under
the defense of not guilty he contends that the Jamaica ginger sold
was not a spirituous liquor but was a medicine and that it was sold
in good faith as such and therefore he is not guilty of the charge
alleged in the indictment. To avail himself of this special defense
he must prove it to the satisfaction of the jury.

The accused has requested the court to give the jury binding
instructions to find a verdict of "not guilty". This we decline to
do for reasons appearing later in the charge.

[2] We will say to you that, if otherwise authorized, the
accused had a right to sell Jamaica ginger, the same being a

medicine, for medicinal purposes; but at the same time we say that he had no right in law to sell "Jamaica ginger", a spirituous liquor, even though it was a medicine, to be used as a beverage.

We find the law in this respect well stated in *King's case*, reported in 58 *Miss.* 740, 38 *Am. Rep.* 344. The court in that case said:

"One authorized to sell medicines ought not to be held guilty of violating the laws against retailing, because the purchaser of a mixture containing alcohol misuses it, and becomes intoxicated; but, on the other hand, these laws cannot be evaded by selling as a beverage intoxicating liquors containing drugs, barks or seed which have medicinal qualities. If the other ingredients are medicinal, and the alcohol is used as a necessary preservative or vehicle for them, if, from all the facts it appears that the sale is of the other ingredients as a medicine, and not of the liquor as a beverage, the seller is protected; but if the drugs or roots are mere pretences of medicines, shadows and devices under which an illegal traffic is to be conducted, they will be but shadows when interposed for protection against criminal prosecution."

[3] In other words, if from the evidence in this case you find that the Jamaica ginger sold by the accused to Arris Kinney was a spirituous liquor, then before you can convict in this case it is necessary for you to find that it was by him or his agent then and there sold with the intention that it be used as a beverage, irrespective of the subsequent uses to which the purchaser put it.

[4] In determining this question as to the purpose for which the prisoner sold the Jamaica ginger on this occasion to Kinney, you are to consider all the evidence in the case, concerning the facts and circumstances surrounding the sale. It is your duty to take into consideration the amount sold to the purchaser at that time, any statements made by Kinney at the time as to the purposes for which it was to be used, as well as any actual knowledge the accused had as to the purpose for which it was to be used.

It would not be a sufficient defence in every case for a person accused of selling spirituous liquor, contrary to the provisions of the statute, to say that he has asked the purchaser for what purpose he was buying the same, and that the purchaser replied it

Charge—Verdict.

was for medicinal purposes.    For if such was the case the provisions of the law could easily be evaded by a person having a mind to do so.

[5]    A person selling spirituous liquor as a medicine in this county must make the sale in good faith as such, and it is necessary for him to use reasonable care and prudence to ascertain for what purposes it is to be used, and such legal duty is upon him.

[6]    There is some evidence in this case to the effect that the sale in question was made by a clerk in the store of Levin Hastings. In this connection we will say, that if the clerk, in the conduct of acting as agent for and selling the goods and wares of the accused, sells what is determined to be a spirituous liquor, contrary to the provision of the statute, with the authority or consent or under the direction of the accused, then the act of the clerk is the act of the accused, and he, the accused,is as criminally liable as though he himself made the   sale.

[7]    A person charged with a crime is in law presumed to be innocent until he is by the evidence proved to be guilty to the satisfaction of the jury beyond a reasonable doubt, and the burden of proof is upon the state.

If you are satisfied from the evidence beyond a reasonable doubt, that the accused is guilty of the offence charged against him, within the interpretation of the statute as we have made it to you, your verdict should be guilty, while on the other hand, if you believe from the evidence that the defendant is not guilty, or entertain a reasonable doubt as to his guilt, your verdict should be not guilty.

                                        Verdict, not guilty.