COMMONWEALTH *vs.* SAM SOOKEY.
SAME *vs.* MICHAEL J. REAGEN.

Berkshire. September 23, 1920. — November 23, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Intoxicating Liquor. Jamaica Ginger. Evidence,* Presumptions and burden of proof, Judicial notice. *Practice, Criminal,* Agreed facts, Question for jury. *Jury and Jurors. Words,* "Beverage," "Intoxicating liquor."

The fact that Jamaica ginger contains eighty-eight per cent of alcohol does not make it "intoxicating liquor" within the definition of R. L. c. 100, § 2, unless it is shown to be a "beverage," that is, a liquor for drinking.

At the trial of a complaint under R. L. c. 100, for an unlawful sale of "intoxicating liquor, to-wit, Jamaica Ginger," the facts were agreed upon and were merely that the defendant conducted a store in which he sold ice cream, soda water, cigars, tobacco and toilet articles and also maintained in the rear of his store four billiard and pool tables for the use of the public, that, from a stock of twenty-four bottles of Jamaica ginger which he had purchased from a wholesale grocer, he sold one bottle at retail, that the bottle was an original package and bore a label stating it to be, "Alcohol 88%" "For flavoring and medicinal purposes," and that it contained alcohol as stated on the label. By order of the judge, the jury found the defendant guilty. *Held,* that

(1) There was no evidence that the article sold was fit for beverage purposes, nor that it ordinarily was so used;

(2) The court could not take judicial notice that extract of Jamaica ginger,

of an alcoholic content of eighty-eight per cent, is in fact an intoxicating beverage, and that it is generally sold and used as such;

(3) A verdict of guilty was not warranted;

(4) Even if the facts agreed upon had warranted a finding that the Jamaica ginger sold was an intoxicating beverage, that issue, being one of fact, should have been submitted to the jury.

Two COMPLAINTS, received and sworn to in the District Court of Central Berkshire on July 17, 1919, each complaint charging that the defendant therein on that day "did unlawfully sell intoxicating liquor, to-wit, Jamaica Ginger," to Frederick Harrington.

On appeal to the Superior Court the cases were tried together before *N. P. Brown*, J., upon a statement of facts agreed upon by the counsel for the defendants and the district attorney. These facts are described in the opinion. The defendants moved that a verdict of "not guilty" be ordered. The motions were denied, and the jury were ordered to return a verdict of guilty in each case. The cases then were reported to the Supreme Judicial Court by the trial judge "upon the request of the district attorney and with the consent of the defendants, for the purpose of determining whether or not there was error of law in denying the defendants' motions, upon the evidence submitted in the agreed statement of facts, and in directing the jury to return a verdict of guilty upon each complaint, and, upon consideration thereof by the Supreme Judicial Court, for the purpose of making such order as law and justice may require."

The cases were submitted on briefs.

*M. B. Warner & J. Barker*, for the defendant Sookey.

*H. R. Goewey*, for the defendant Reagen.

*C. H. Wright*, District Attorney, for the Commonwealth.

DE COURCY, J. In each of these cases the complaint alleged an unlawful sale of "intoxicating liquor, to-wit, Jamaica Ginger," to one Harrington, at Pittsfield, on July 17, 1919. The cases were tried together. The only evidence offered was an agreed statement of facts. It appears therein that the defendant Sookey conducts a retail grocery, in which he also sells soda water and ice cream. He had bought from the Berkshire Grocery Company, wholesale grocers, twelve dozen bottles of a standard brand of Jamaica ginger, containing alcohol as stated in the label on each bottle, which label read as follows:

"3 FL. OZ.
HARRIS'
Strictly Pure
EXTRACT
JAMAICA GINGER
Alcohol 88%
For flavoring and
Medicinal purposes
Manufactured by
Frank E. Harris Co.
Binghamton, N. Y."

On the day alleged Harrington "purchased a bottle from said defendant, being an original package of said Jamaica Ginger;" and the bottle was brought into court as evidence. The facts in the Reagen case are the same, except that he "conducted a store in which he sold ice cream, soda water, cigars, tobacco, toilet articles, and also maintained in the rear of his store four billiard and pool tables for the use of the public." He had on hand about twenty-four bottles of Jamaica ginger.

The motion of each defendant for a directed verdict raises the question whether a verdict of guilty was warranted by the agreed facts. We put aside the discussion of art. 18 of the Amendments to the Federal Constitution, and the Volstead act, 41 U. S. Sts. at Large, 305, enacted by Congress to enforce the same, as they were not in effect at the time of the sales in question. Nor is it contended that the earlier war-time prohibition act has any application. See *Jacob Ruppert* v. *Caffey*, 251 U. S. 264. The statute that the defendants were charged with violating is R. L. c. 100, which prohibits the unauthorized sale of intoxicating liquor. It was held in the recent case of *Commonwealth* v. *Nickerson, ante,* 281, that this statute "has not been abrogated by the Eighteenth Amendment and the Volstead act. The sections under which the complaint was framed against the defendant are still operative and efficacious." Section 2 provides as follows: "Ale, porter, strong beer, lager beer, cider, all wines, any beverage which contains more than one per cent of alcohol, by volume, at sixty degrees Fahrenheit, and distilled spirits, shall be deemed to be intoxicating liquor within the meaning of this chapter." Jamaica

ginger is not included in this definition, unless it is shown to be a "beverage," that is to say, a liquor for drinking. The mere fact that it contains a large percentage of alcohol does not make it "intoxicating liquor" within the meaning of the statute. There are numerous medical preparations manufactured in accordance with formulas prescribed by the United States Pharmacopoeia (see R. L. c. 75, § 18; c. 100, § 17, cl. 3), and many patent and proprietary medicines, toilet and antiseptic solutions, which contain much more than "one per cent of alcohol," but whose use as a beverage is rendered practically impossible by reason of other ingredients. *Commonwealth* v. *Mandeville,* 142 Mass. 469. *State* v. *Costa,* 78 Vt. 198, 207. *Intoxicating Liquor Cases,* 25 Kans. 751.

In this meagre record there appears no evidence that the article sold was fit for beverage purposes, much less that it was ordinarily so used. No testimony was introduced as to its nature, or as to its constituent elements other than the alcohol. So far as disclosed by the agreed facts, it was manufactured solely "for flavoring and medicinal purposes," as the label indicated, and sold by each of these defendants to Harrington in good faith for those purposes. It would be only conjecture to infer from a single sale of Jamaica ginger, without any evidence of the possibility or extent of the use of this preparation as a beverage, that the bottle was in fact sold not as a medicine, but as intoxicating liquor. *Commonwealth* v. *Ramsdell,* 130 Mass. 68. *Commonwealth* v. *Joslin,* 158 Mass. 482. It could not be ruled as matter of law that the mere possession by a grocer or druggist of certain well known articles ordinarily used for medical, culinary, toilet or antiseptic purposes, and containing alcohol, makes the dealer criminally liable for the illegal keeping of intoxicating liquor, under our statutes. See in this connection R. L. c. 76, § 23, as amended by St. 1910, c. 172. For the more stringent provisions of the Volstead act see Title II, §§ 1, 4, and Regulations 60, issued under said act by the Bureau of Internal Revenue; especially see Treasury Decisions, Internal Revenue, 3092, approved November 16, 1920, with reference to extract of ginger.

We cannot supply the lack of essential evidence in the present case by taking "judicial notice" that extract of Jamaica ginger is in fact an intoxicating beverage, and that it is generally sold and used as such. In this jurisdiction, where licenses for the sale

of intoxicating liquors have been granted under a local option system and there has been little occasion in many communities to resort to substitutes therefor, it has not become, as yet at least, a matter of common and general knowledge that ordinarily this well known preparation is sold not for medicinal purposes, but as a disguised substitute for liquor. In other words that alleged fact is not so notorious that we can assume without proof that Jamaica ginger has the distinctive character, use and effect of an intoxicating liquor. As was said in *State* v. *Barr*, 84 Vt. 38, 41, "In some States the courts now take judicial notice of the properties of persimmon beer, rice beer, and potato beer; while in this State there is no such common knowledge of these things as to warrant judicial notice of them." See *Commonwealth* v. *Pease*, 110 Mass. 412; Ann. Cas. 1914 C 874 note; 48 L. R. A. (N. S.) 302, 308, notes. 4 Wigmore on Evidence, § 2582.

Confining ourselves to the present record, we are of opinion that on the scanty facts appearing in the agreed statement the Commonwealth did not go far enough to warrant a verdict of guilty; and the motion of each defendant to that effect should not have been denied.

In view of the judge's direction of verdicts of guilty, it should be added, that even if the agreed facts had warranted a finding that this Jamaica ginger was an intoxicating beverage within the meaning of our statute, that issue, being one of fact, should have been submitted to the jury. *Commonwealth* v. *Hallett*, 103 Mass. 452. *Compton* v. *State*, 95 Ala. 25. *Cooper* v. *State*, 19 Ariz. 486. *State* v. *Miller*, 92 Kans. 994, 1004. *Bertrand* v. *State*, 73 Miss. 51. *Arbuthnot* v. *State*, 56 Tex. Cr. 517. In *Mitchell* v. *Commonwealth*, 106 Ky. 602, relied on by the Commonwealth, the issue was so submitted. And in *State* v. *Intoxicating Liquors & Vessels*, 106 Atl. Rep. 711, it was stated in the opinion, "the evidence shows that the Jamaica Ginger could be and was used by ordinary persons as a beverage, and in such quantities as to produce intoxication, and did in fact produce intoxication." Accordingly it was held to be intoxicating liquor, within the meaning of the Maine Rev. Sts. c. 127, §§ 21, 22.

It follows that in each case the verdict must be set aside; and it is

*So ordered.*