On Rehearing.
Mr. Justice ROGERS, Mr. Justice LAND, and Mr. Justice THOMPSON adhere to the opinion herein originally handed down by Mr. Justice ROGERS.
I adhere to my concurring opinion, to which I now add:
1. The information was sufficient, since it charged the offense in the words of the statute, to wit, that defendant had in his possession intoxicating liquor for sale for beverage purposes.
2. The bill of particulars merely set forth that the kind of liquor possessed was tincture of ginger containing 90 per cent. of alcohol.
3. The statute provided that the phrase intoxicating liquor
"shall be construed to include * * * all alcoholic liquids, either medicated, proprietary or patented, which are fit for useas a beverage or for intoxicating beverage purposes, all as defined by federal legislation.
4. And federal legislation (the Volstead Act, in pari materia)
defines intoxicating liquor as any alcoholic liquid, either medicated, proprietary or patented, "containing one-half of 1 per cent. or more of alcohol by volume," which is fit for use as a beverage or for intoxicating beverage purposes.
So that when defendant was charged with possessing intoxicating liquor for sale for beverage purposes, he was charged with the offense denounced by the statute; and when the bill of particulars named tincture of ginger containing 90 per cent. of alcohol, defendant was informed that the prosecution intended to prove that said tincture of ginger was a medicated alcoholic liquid containing full "one-half of one per cent. or more of alcohol by volume," and that it was *Page 505 
"fit for use as a beverage, or for intoxicating beverage purposes."
For, even if the bill of particulars be considered as written into the information as a videlicet (thus, "intoxicating liquor, to wit tincture of ginger containing 90 per cent. alcohol"), the information would still charge that defendant possessed"intoxicating liquor." And since tincture of ginger is neither alcohol, whisky, brandy, rum, gin, beer, ale, porter, nor wine, but is a medicated alcoholic liquid, it follows that the state thereby charged that it came within that other, and above mentioned, definition of the statute.
And what I said in my concurring opinion, in effect amounted to this, that it would not have sufficed for a conviction to have proved merely that the medicated liquid (tincture of ginger in this case) contained one-half of 1 per cent. or more of alcohol by volume; but that proof was required also that said liquid, after being so medicated, was still fit for use "as a beverage or for intoxicating beverage purposes"; that the question whether this particular medicated liquid was or was not fit for use asa beverage or for intoxicating beverage purposes, presented inthis case only a question of fact, over which this court had no appellate jurisdiction; and finally that the question whether a drug store possessed medicated liquids containing alcohol for medicinal purposes or for intoxicating beverage purposes was one of fact, which addressed itself to the intelligent appreciation of a trial judge, but over which this court again had no appellate jurisdiction.
For the rest, that opinion speaks for itself, and seems to be in accord with the following: King Wall v. State, 58 Miss. 737, 38 Am. Rep. 344; Bertrand v. State, 73 Miss. 51, 18 So. 545; and Commonwealth v. Sookey, 236 Mass. 448, 128 N.E. 788, 11 A.L.R. 1230. *Page 506 
The CHIEF JUSTICE and Mr. Justice BRUNOT still adhere to their dissent, and Mr. Justice OVERTON is recused.
 Decree.
It is therefore ordered that the decree hereinbefore handed down, affirming the judgment of the court below, be now reinstated and made the final judgment of this court.
OVERTON, J., recused.
O'NIELL, C.J., and BRUNOT, J., dissent, and O'NIELL, C.J., will hand down reasons.