PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO NIEVES, Defendant and Appellant.

No. 4909. Argued December 8, 1932.—Decided January 17, 1933.

*M. Rivera de la Vega* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The appellant, Antonio Nieves, was prosecuted jointly with Rodrigo Sánchez and Ramón Tosado, because "on or about September 4, 1931, in the Municipality of San Juan, Puerto Rico, in the judicial district of San Juan, they illegally, wilfully, and maliciously had in their possession cow's milk diluted with water, which they offered for sale as pure milk, and which they sold and transported for human consumption. The prosecuting attorney further alleges that Antonio Nieves, the defendant in this case, is a persistent offender having been previously convicted for an identical offense of adulterating milk, and sentenced by this Hon. Court to pay a fine of $25 on September 24, 1929, and also on May 20, 1931, which fines the defendant paid."

When the case was called for trial in the District Court of San Juan, Sánchez pleaded guilty, and Nieves and Tosado pleaded not guilty. Evidence having been presented, they were found guilty, Nieves as a persistent offender.

Nieves appealed and in his brief he assigned as an only error that the judgment is not sustained by the evidence, since

the fact that the adulterated milk was sold for human consumption was not proved. In support of his contention he cites the case of *Martínez* v. *People of Puerto Rico,* 46 F. (2d) 427.

In that case, in so far as it is pertinent here, the Circuit Court of Appeals of the First Circuit expressed itself thus:

"The second error assigned, however, must be sustained, not because it was not alleged that the respondent knowingly sold or offered for sale adulterated milk, as was urged below, since the statute does not acknowledge an element of the offense, and it is not one of those offenses where it is necessary to aver knowledge (*Com.* v. *Farren,* 9 Allen, 489; *Com.* v. *Hallett,* 103 Mass. 452; *Com.* v. *Smith,* 166 Mass. 370, 376, 44 N. E. 503; *State* v. *Smith,* 10 R. I. 258; Wharton's Crim. Law (9th ed.) par. 88), but because it makes the intent with which it was sold or offered for sale a necessary element of the offense.

"According to both the Spanish and the English version, it is only when adulterated milk is offered for sale to be used for human consumption that it becomes an offense. The statute was clearly enacted in the interest of public health, and the danger it was directed against was the adulteration of milk intended for consumption by the public.

"It is not sufficient to allege it was illegally and willfully kept and offered for sale. It might be both, if it was milk that had been stolen, or if kept in a manner in violation of some local by-law, and still not be a violation of this statute, nor be intended for human consumption. To comply with the statute and to convey to the respondent sufficient information to enable him to meet the charge, the averments of the indictment or information must include the intent with which adulterated or diluted milk is offered for sale, or, in the language of the act, it must be averred to have been offered for sale, 'with the purpose of dedicating it to human consumption.' "

The information herein complies with what the circuit court considered a requisite in all such accusations. Certainly, if it is necessary to allege that the milk was intended for human consumption, such element should be proved in order to show that the offense had been committed. That does not mean, however, that said element must be proved

by direct evidence, as the appellant contends. It may be proved by inference from the direct evidence presented.

In this case it was shown that the defendant was an employee of a milk station that received milk from the dairy; that actually he sold eight liters of milk in one liter and half-liter bottles to his co-defendant, Tosado, who put it into a container for resale to his own customers. The evidence could have been more specific, but it is clearly inferred that the milk was sold for human consumption, and that is sufficient. The defendant does not allege as a defense that the milk had been sold for other purposes.

Recently, in the case of *People* v. *Rivera*, 43 P.R.R.—— * this Court said:

''Is the remaining evidence sufficient? As the trial court believed the evidence for the prosecution, it can not be said that it failed to show that there was a stand, for the sale of milk, and that the defendant was in charge of it; that adulterated milk was kept for sale therein, and that people were buying it; being served by the defendant, that is to say, he was the salesman; from which facts it is inferred that the sale was for human consumption.''

The judgment appealed from must be affirmed.

---

* NOTE: See Preface of this volume.