ALBERT BACOT v. STATE OF MISSISSIPPI.

[48 South. 228.]

CRIMINAL LAW AND PROCEDURE. *Intoxicants. Unlawful sale. Beverage. Ignorance no excuse.*

> Where intoxicating liquors are sold as a beverage the seller cannot escape liability for an unlawful sale by showing that "the goods" were guaranteed by the wholesaler from whom he purchased to be non-intoxicating and that he made the sale honestly so believing.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Bacot, appellant, was indicted and tried for the unlawful sale of intoxicating liquors, convicted, fined, sentenced to imprisonment, and appealed to the supreme court.

The evidence for the state showed that appellant sold a beverage, kept by him in a barrel in his store, called "Phosphate;" that it intoxicated those who drank it. The appellant did not deny selling the beverage, but testified that during the time he sold it he did not know that it was intoxicating in its effects. As evidence of his good faith he sought to show that he had been guaranteed by its manufacturers that the drink was non-intoxicating, but the court declined to admit such evidence. Defendant being a witness in his own behalf was asked, by his counsel: "Would you intentionally sell any liquors that were intoxicating?" The question was objected to by the state and, over appellant's protest, he was not allowed to answer it. This action of

the circuit court, and its refusal of instructions relative to the good faith of appellant in selling what he believed to be non-intoxicating liquors, were assigned as error in the supreme court.

*Clem V. Ratcliff,* for appellant.

The court below erroneously excluded evidence offered by the appellant to show that he did not know of the intoxicating effect of the beverage which he sold. He should have been allowed to show in evidence the indisputable facts that the stuff was sold to him to be dispensed as a beverage, pure and simple, that it was manufactured by the Jackson Vinegar Company of Jackson, Mississippi, was guaranteed by its manufacturers not to be intoxicating, and that he was protected by his guarantee.

The following instruction was asked by appellant and was refused by the circuit court: "The court instructs the jury that although they may, from the evidence, believe that the phosphate was intoxicating, yet they cannot convict the defendant unless they believe from the evidence beyond all reasonable doubt that the defendant knew that the phosphate was intoxicating at the time he sold it." The refusal of this instruction was fatal error, because the intent is the essential element in any unlawful act which makes it a crime. And the question of appellant's intent was one to be settled by the jury. *King v. State,* 58 Miss. 737; *Bertrand v. State,* 73 Miss. 51, 18 South. 545; *Goode v. State,* 87 Miss. 495, 40 South. 12.

*George Butler,* assistant attorney-general, for appellee.

The law punishes the selling of intoxicating liquors, in counties where its sale is prohibited, and the fact that the seller can, in good faith, claim that he was ignorant of the intoxicating effect of such liquors, makes no difference in his guilt. It is obligatory upon one who sells beverages of any kind, in such counties, to see to it that "the goods" are not intoxicating.

I am not unmindful of the many cases of our state cited by learned counsel for appellant; but examination of them will show that in each of the cases the sale was by a druggist or mer-

chant who, in each case, sold the intoxicant in good faith as a *medicine* and not as a *beverage.* In the instant case the appellant does not claim to have sold his "phosphate" as a medicine.

FLETCHER, J., delivered the opinion of the court.

This case is totally unlike the cases of *King v. State,* 58 Miss. 737, 38 Am. Rep. 344; *Bertrand v. State,* 73 Miss. 51, 18 South. 545, and *Goode v. State,* 87 Miss. 495, 40 South. 12, cases dealing with the sale of compounds to be used exclusively for medical purposes. In that class of cases the substance was not offered for sale as a beverage, but as a medicine, and the good faith of the merchant was properly in issue. But in this case the so-called "phosphate" was kept for sale and sold as a beverage, and in such cases the seller must take the risk and bear the consequences if the fluid dispensed is in fact intoxicating. Aside from the well-known exception in the case of pharmaceutical preparations, the law punishes the fact of selling intoxicants, regardless of the intent of the seller. He must see to it that the beverages he dispenses are non-alcoholic to the extent that intoxication in any degree will not be produced by even excessive consumption of the beverage. The circuit court was correct in excluding evidence and refusing instructions relative to the good faith of the appellant.

We take occasion to say that the sale of intoxicating liquors, although disguised under unusual names and unfamiliar labels, will not be encouraged by this court.

*Affirmed.*