McLENDON *v.* STATE.

No. 42660          May 20, 1963          153 So. 2d 711

*R. L. Calhoun,* Hattiesburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

LEE, P. J.

Johnnie Lee McLendon, Jr. was convicted in the county court of the unlawful sale of intoxicating liquor. From the verdict and judgment therein, he appealed to the circuit court, where judgment was affirmed. He has appealed to this Court.

Two witnesses, Sheriff Bob Waller and Deputy Sheriff Willie Oubre, testified for the State. They said that they secured a pickup truck with a covered body on the rear through which they cut peepholes and arranged them in such a way that they could see all occurrences on the outside, but persons on the outside could not see the officers on the inside. They took two trusties from the Forrest County jail to act as driver and front seat passenger and proceeded to Smith's Drive-In, in the county, for the purpose of purchasing some whiskey. When they arrived at this place, the trusty, driver of the truck, inquired of the defendant if he could buy some whiskey. The defendant replied that he could, went into the building, and shortly returned with a half pint of whiskey for which the driver paid him $2.50, that had already been furnished by the sheriff. The officers saw the transaction in its entirety and testified fully to what transpired.

Several assignments of error were filed, but only one has been argued, namely, that the conduct of the sheriff and the deputy amounted to entrapment.

None of the elements of entrapment exist in this case. The appellant was in the business of selling whiskey. The actions of the officers, instead of being an entrapment, were a mere trick for the purpose of buying from a bootleg establishment. Since the appellant was in the business of selling whiskey, the crime was originally contemplated by him. He cannot profit from the fact that an opportunity was purposely given to him to commit a crime which originated in his own mind.

In French v. State, 149 Miss. 684, 115 So. 705, the defense was that Schneider, a federal prohibition agent, had entrapped him into the commission of the crime, if one was committed. To that end, he requested instructions for the purpose of presenting the defense of entrapment. These instructions were refused, and it was contended that the action of the court in so doing constituted reversible error.

The Court, in affirming the action of the trial court, cited a number of cases from other jurisdictions. It referred to an exhaustive note appended to the case of Butts v. U. S., 18 A. L. R. 143, where, at p. 162, the author laid down this headnote: ''The great weight of authority supports the view that a person making an unlawful sale of liquor is not excused from criminality by the fact that the sale is induced for the sole purpose of prosecuting the seller'', citing cases from eighteen states, as well as a number of federal cases. The opinion went on to say: ''There is proof abundant in this case to show every element of a completed sale. Appellant is not charged with a crime involving the personal or property rights of individuals, such as theft, burglary, trespass, rape, and kindred offenses, where the consent of the person or owner might be an element of the offense. It is made a crime against the state to sell whisky; and it will not avail defendant to say, 'I had no intention of violating the law.' A sale of intoxicants is a violation

of the law, regardless of the intent of the seller. * * * Schneider had no more right than did any other individual to consent to the violation of our state prohibition law, or to grant to appellant immunity from prosecution for its violation. If appellant relied upon such representation, and made the sale, he did so at his own peril, and should suffer the consequences. He cannot now say, 'I was tempted, and did eat.' There are authorities to the contrary, but we deem it safer to align ourselves with what seems to be the great weight of authority.''

In McLemore v. State, 241 Miss. 664, 125 So. 2d 86, where the defense of entrapment was interposed to a bribery charged, the Court said: ''However, defendant cannot rely on the fact that an opportunity was intentionally given him to commit the crime which originated in the mind of the accused. The fact that an opportunity is furnished constitutes no defense. 1 Anderson's Wharton's Criminal Law and Procedure (1957), Sec. 132. There is a very clear distinction between inducing a person to do an unlawful act, and setting a trap to catch him in the execution of criminal designs of his own conception.''

See also Averitt v. State, 246 Miss. 49, 149 So. 2d 320, where the question of entrapment is treated exhaustively. This excellent opinion is so recent that quotations from it will not be set out herein.

It follows therefore that the judgment of the circuit court must be, and it is, affirmed.

Affirmed.

*Kyle, Arrington, Ethridge and Rodgers, JJ., concur.*