233 So.2d 786 (1970)
Lynch C. HOGAN alias Lynch Jack Hogan
v.
STATE of Mississippi.
No. 45781.
Supreme Court of Mississippi.
April 6, 1970.
*787 Jerry T. Johnston, Brandon, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and Samuel H. Wilkins, Special Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice.
Lynch Hogan was convicted in the Circuit Court of Rankin County of the unlawful sale of drugs (amphetamine) contrary to Mississippi Code 1942 Annotated section 6831-02 (1952) and sentenced to serve a term of five years in the penitentiary. He appeals from that conviction and sentence.
Only one error is assigned for reversal and is as follows: "The court erred in refusing to direct a verdict for defendant on the grounds that defendant had been entrapped by Federal Agents." (Emphasis added).
It appears from the record that on the evening of February 28, 1967, two agents of the United States Department of Justice, Bureau of Narcotics and Dangerous Drugs, were in Rankin County in the "undercover" discharge of their official duties. At Pearl Amoco Truck Stop on Highway 80, these agents inquired of a waitress as to the whereabouts of an individual (whom they suspected of being engaged in unlawfully selling drugs) and told her that they wished to buy some "pills" from him. The waitress said that she did not know the person inquired about, but that Hogan, who operated the service station part of the truck stop, would probably have "pills" which he would sell to them. Thereupon, the agents contacted Hogan and told him that they would like to buy 1,000 capsules, of the kind sometimes referred to as "pep pills." Hogan told the agents to meet him in the shower room in five minutes. When Hogan entered the shower room he had with him a plastic bottle labeled "Dextro Amphetamine Sulfate" containing 1,000 capsules. These he sold to the agents for $100 cash. A chemist testified that an analysis of the contents of the bottle disclosed that the capsules contained dextro amphetamine sulfate. There was proof that Hogan was neither a licensed pharmacist nor a licensed physician in the State of Mississippi.
Hogan's defense was that he had not been present in Rankin County at the time of the purchase of the drugs by the agents but had been attending a horse show in Louisiana. This was in direct contradiction of the testimony of the agents who positively identified him as the person from whom they had purchased the drugs.
In McLemore v. State, 241 Miss. 664, 675, 125 So.2d 86, 91 (1960) this Court said:
The word "entrapment", as a defense, has come to mean the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him in its commission and prosecuting him for the offense. However, defendant cannot rely on the fact that an opportunity was intentionally given him to commit the crime which originated in the mind of the accused. The fact that an opportunity is furnished constitutes no defense. 1 Anderson's Wharton's Criminal Law and Procedure (1957), Sec. 132. There is a very clear distinction between inducing a person to do an unlawful act, and setting a trap to catch him in the execution of criminal designs of his own conception.
In 21 Am.Jur.2d Criminal Law section 143 (1965), it is stated that entrapment is an affirmative defense and when the prosecution has made out a prima facie case it devolves upon the defendant to show that he was entrapped. Moreover, whether there has or has not been an entrapment is usually a factual question to be determined by the jury. Averitt v. State, 246 Miss. 49, 149 So.2d 320 (1963).
*788 It is not an entrapment, within the meaning of the law on that subject, merely to provide an opportunity to violate the law. McLendon v. State, 247 Miss. 510, 153 So.2d 711 (1963).
But more than this, in the present case, Hogan's defense was an alibi. He testified that, at the time of the sale, he had not been in Rankin County but had been attending a horse show in the State of Louisiana. He denied unequivocally that he had committed the act which constituted the crime. In these circumstances, he cannot be heard to say that he was entrapped into committing an act which he denies absolutely having committed.
The evidence as to whether Hogan was or was not the person from whom the agents purchased the drugs was in irreconcilable conflict. The issue as to Hogan's guilt or innocence was a factual one and properly was submitted to the jury for its determination.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and BRADY, JJ., concur.