235 So.2d 468 (1970)
Ronald LAUGHTER
v.
STATE of Mississippi.
No. 45833.
Supreme Court of Mississippi.
May 4, 1970.
Rehearing Denied June 8, 1970.
Walker, Franks, Rone & Bridgforth, Hernando, for appellant.
A.F. Summer, Atty. Gen., by Velia Ann Mayer, Sp. Asst. Atty. Gen., Jackson, for appellee.
*469 BRADY, Justice:
This is an appeal from the Circuit Court of DeSoto County, Mississippi, wherein the appellant, Ronald Laughter, was convicted of the crime of possession of marijuana and was sentenced to serve a term of four years in the Mississippi State Penitentiary, two and one-half years of said sentence being suspended during the good behavior of the appellant. From this judgment an appeal is taken.
Ronnie L. White, a narcotic investigator with the Mississippi Highway Patrol, testified that on Friday, April 25, 1969, he met with Malcolm Watson, an undercover agent for the Mississippi Highway Patrol, and a confidential informant, one Cam Walker, in Room 3 at the Sand Man Motel in Senatobia, Mississippi. Mr. White furnished Mr. Watson with $25 of the Mississippi Highway Patrol's money and directed him to go to Hernando, Mississippi, and attempt to contact the appellant, Ronald Laughter, and to attempt to purchase some marijuana from him. Prior to this time, on April 20, 1969, Mr. White had sent Cam Walker, the confidential informant, to approach the appellant about setting up a date for the sale of some marijuana to another individual. Mr. White had told Mr. Walker that a boy was coming up from Hinds Junior College for the purchase. Mr. White further testified that to his knowledge the confidential informant, Cam Walker, was a reliable source and had no convictions on April 25, but that he had been arrested on a charge that was pending. Mr. White also testified that he knew nothing about what transpired at the meeting between the appellant and the informant. He testified that he did not know how long the informant talked to the appellant and that he wouldn't be concerned *470 if it took the informant an hour and a half to talk the appellant into something like what is involved in this case even if the appellant hadn't had the idea of buying it for anybody else and the informant had argued with the appellant and put the idea in his head.
In any event, the informant returned and told Mr. White that the meeting was arranged. On April 25, 1969, Mr. Watson and Mr. Walker, with the $25 of Highway Patrol money, left Senatobia and went to Hernando in search of the appellant for the purpose of attempting to purchase marijuana. The two went to the service station where the appellant was supposed to be working and were informed that the appellant was no longer employed there. They then rode around Hernando looking for the appellant and at 3:40 P.M. met the appellant at Bryant's Garage Parking Lot. The appellant approached the car and was advised that Mr. Watson wanted four "nickel bags" of marijuana. A "nickel bag" is generally enough marijuana to fill a penny match box and is worth five dollars. The appellant was in the company of two girls and after leaving to dispose of them, returned shortly thereafter and met the undercover agent and the informant at "The Velvet Cream" on Highway 51 in Hernando. The appellant left his car at the "Shangri-La" on Goodman Road between Highway 51 and Interstate 55, just south of the Mississippi-Tennessee line. The appellant then entered the car with Mr. Watson and Mr. Walker and the three proceeded north in Mr. Watson's car on Interstate 55 into Memphis, Tennessee. The appellant gave the directions, and at 4:30 P.M. they arrived at the parking lot of the Harlem House Restaurant in Memphis, Tennessee. Appellant advised Mr. Watson that this was a colored neighborhood and that the colored people in this area were militant but that they would be safe because he was well known and trusted there. Appellant requested $20, which Mr. Watson gave him, and the appellant got out of the car. The appellant met a Negro male dressed in white and after an exchange of a few words, went into a building with him. At 4:35 P.M. the appellant returned to the car and said that he had the marijuana and that it was good stuff. They returned to Mississippi via Interstate 55 to the Shangra-La Lounge on Goodman Road. On the way back to Mississippi the appellant removed one of the envelopes from his right front pants pocket, opened it, and said it smelled good. Upon returning to the parking lot of the Shangra-La at 5:05 P.M., the appellant advised Mr. Watson that he owed him $5 more, which Mr. Watson paid. The appellant pulled from his right front pocket the envelopes containing the marijuana and handed the four small brown Manilla envelopes to Mr. Watson. Mr. Watson then placed the marijuana in the trunk of his automobile where it remained until it was turned over to Mr. White at 7:30 P.M. on April 25, 1969. Mr. White and Mr. Watson marked, initialed and dated the envelopes.
On April 29, 1969, Mr. White personally took the envelopes to the Mississippi Crime Laboratory in Jackson and hand delivered them to the chemist, Herman Parish. On May 16, 1969, Mr. White received the report from the laboratory that the four envelopes contained marijuana, and charges of possession and sale of marijuana against the appellant were initiated. On May 19, 1969, Mr. White and Deputy Sheriff Denver arrested the appellant at approximately 5:00 P.M. This was the first time that Mr. White had seen the appellant. Appellant was advised of his rights and he did not make a statement. The issue was submitted to a jury which returned a verdict of guilty and the judge sentenced the appellant to four years at the Mississippi State Penitentiary, two and one-half years of said sentence being suspended. From this verdict an appeal is taken.
The appellant assigns as error (1) that the lower court erred in not sustaining the defendant's motion for a directed verdict on the grounds that the defendant was not *471 informed as to the identity of a confidential informant; (2) that the lower court erred in overruling the defendant's motion for a peremptory instruction on the ground that the defendant's uncontradicted testimony proves that the actions by the authorities constituted illegal entrapment of the defendant under the laws of this State; and (3) that the lower court erred in overruling the defendant's motion requesting that the court direct that certain funds be paid to the attorneys for the defendant for the purpose of procuring the services of a chemist and a private investigator.
The disposition of this case revolves itself around the appellant's second assignment of error. The defense of entrapment hinges itself upon the question of whether the intent to commit the crime already existed in the mind of the accused and he simply seized upon the opportunity to execute it when it was offered to him, or of whether some other individual not only furnished the opportunity but implanted the criminal design and intent in the mind of the accused for the purpose of catching him in flagrante delicto. While it is permissible in the detection of crime to furnish potential criminals with an opportunity to execute an offense of a kind which there is reasonable ground to believe that they have committed or intend to commit, criminal intent and activity which otherwise would not have existed must not be instigated. The courts will not, as a matter of good policy, sanction a conviction where a person was not justly an object of suspicion and through undue influence or pressure by an officer or informant was induced to become a criminal. Resolution of this question thus becomes a determination from the evidence adduced as to the existence of this element of implanting a criminal intent into the mind of a previously innocent party.
The appellant testified that he had known the confidential informant, Cam Walker, for a number of years by sight and that when he was approached by Walker for the purpose of getting a friend of Walker's some marijuana, he told him "No." The appellant testified that Walker kept talking and that he told Walker that he had quit "messing with it" because somebody had got the word out that he was using marijuana. He testified that Cam Walker kept on and that they talked for quite a while. He testified further that Cam Walker kept on and that they talked for quite a while. He also testified that Walker told him that he had a friend coming up from Jackson who wanted some marijuana, not a large amount, but just enough for himself personally. He testified that after talking with Walker for forty-five minutes to an hour he never did tell him that he would get it but told him that he would go and show Walker where he could get some.
Had the appellant stopped here and merely shown the informant and the undercover agent where to purchase the marijuana, this would clearly be a case of entrapment. However, the appellant, as the record discloses, asked for and received an additional $5 for his services before delivering actual possession of the four packages of marijuana. This clearly is an overt act toward the commission of a crime which the appellant himself stated he was fully cognizant of. The appellant's participation therefore becomes an active one and not passive and subservient.
After a meticulous study of the record and the briefs of counsel, it appears that the active participation by the appellant in the crime will not allow the appellant to rely upon the doctrine of entrapment as the fact that an opportunity was furnished to commit a crime constitutes no defense. We are therefore of the opinion that the assignment is without merit. Miller v. State, 234 So.2d 297, decided April 13, 1970; Hogan v. State, Miss., 233 So.2d 786, decided April 6, 1970; McLendon v. State, 247 Miss. 510, 153 So.2d 711 (1963); Averitt v. State, 246 Miss. 49, 149 So.2d 320, 10 A.L.R.3d 1111, appeal dismissed *472 and cert. denied, 375 U.S. 5, 84 S.Ct. 51, 11 L.Ed.2d 38, rehearing denied 375 U.S. 936, 84 S.Ct. 328, 11 L.Ed.2d 268 (1963); McLemore v. State, 241 Miss. 664, 125 So.2d 86, sugg. of error overruled, 241 Miss. 676, 126 So.2d 236, appeal dismissed and cert. denied, 368 U.S. 70, 82 S.Ct. 197, 7 L.Ed.2d 133 (1960); 2 Grant, Summary of Mississippi Law, §§ 1282, 1283 (1969); 1 Anderson, Wharton's Criminal Law and Procedure § 132 (1957); 21 Am.Jur.2d Criminal Law § 143 (1965).
The record discloses that Cam Walker was the informant. Furthermore, the record shows that the appellant knew Cam Walker by sight and had known him for several years. In the oral argument the court was advised that the appellant's attorney, Mr. Ross Franks, had talked to Cam Walker, the informant, but that Cam Walker had declined to make any statement whatsoever with reference to the case at bar and for that reason Mr. Franks did not call Mr. Cam Walker as a witness in the case. The fact that the appellant and his attorney knew who the informant was presents a different set of facts from those where the informant's name or the informant's identity is unknown. It follows, therefore, that the appellant's first assignment of error has no merit for the reason that from the outset of the trial the appellant was fully aware of who the informant was and was fully aware of the entire participation of the informant in the case at bar.
Finally, there is no merit in appellant's final contention that it should have been allowed a private investigator and a chemist at the State's expense. There is no precedent for this and therefore it is disallowed.
For the foregoing reasons, the judgment of the circuit court is affirmed.
Affirmed.
ETHRIDGE, C.J., and GILLESPIE, P.J., and JONES and ROBERTSON, JJ., concur.