248 So.2d 436 (1971)
Calvin Paul SMITH
v.
STATE of Mississippi.
No. 46068.
Supreme Court of Mississippi.
May 24, 1971.
*437 Robert L. Lennon, Elliott E. Schlottman, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen., by Timmie Hancock, Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant, Calvin Paul Smith, was indicted, tried and convicted for the crime of the unlawful sale of LSD and was sentenced to serve a term of seven years in the State Penitentiary and to pay a fine of $1,000. From this conviction and sentence, he appeals.
Appellant, in his assignments of error, assigns several grounds for the reversal of this case, but, in his brief, he reduces these assignments to two propositions: (1) Appellant contends that he was arrested and convicted for the unlawful sale of LSD through the use of illegal entrapment on the part of the state's officers and agents; and (2) that the trial court was in error in not allowing the jury to hear testimony which would have shown the elements of illegal entrapment.
The jury was justified in finding from the evidence on behalf of the state that on the seventeenth day of December 1969 Ronnie White, an investigator for the narcotics division of the Mississippi Highway Patrol, accompanied by an informer, Charles Smith, went to the apartment of the appellant in the City of Hattiesburg. White, who represented himself to be a shoe salesman, was introduced to appellant by Smith. White informed appellant that he desired to purchase some drugs for resale. Appellant told him that he had some mescaline, a synthetic LSD, but that White would have to purchase at least fifty capsules at $3.25 per capsule. After being unable to purchase a lesser amount, White told appellant that he would take the fifty capsules. Appellant then told White that he did not have the "stuff" there and that he would have to go to another place to pick it up. The three drove in Charles Smith's vehicle to an apartment house on Water Street. Appellant then informed White that he could not go into the building with him and that he would have to have the money in advance. White gave appellant $170 and appellant went into the apartment and in a short time, returned with a plastic bag containing some pink capsules. Appellant delivered the bag to White along with $8 in change. White turned the bag, with its contents, over to the state toxicologist, who determined that the capsules were LSD. Later White attempted to purchase more drugs from appellant but was unable to do so.
*438 Appellant testified that at the time of this transaction he was attending the University of Southern Mississippi and was employed at the Mississippi Wholesale Florist Company. Part of his job was delivering flowers, and one of the customers was Charles Smith. On several occasions Smith has asked him to purchase drugs for him, but appellant told him he did not know where to get any. He said that he finally told Smith that he would help him get some mescaline, and the reason he did so was so that Smith would leave him alone. When Ronnie White and Smith came to his apartment, White asked him if the mescaline was in the house, and he told them that it was over at the other apartment and that they would have to go there to get it. They got in Smith's vehicle and proceeded to the Water Street apartments. He then asked White if he had the money, and White told him he did and handed it to him. He went into Marvin Presley's apartment and handed him the money. Presley gave him $8 change and went behind the apartment and got the mescaline from where it was hidden in a motorcycle. He then returned and handed White the mescaline and change. He said that he had never sold any drugs to anyone and he did not consider that he was selling drugs when he made this purchase for White. On cross-examination he admitted that he freely and voluntarily went with White and Smith and procured the drugs for them and that at that time he knew it was a violation of the law of this state to furnish or supply LSD or mescaline.
The trial court granted, at the request of the appellant, three instructions dealing with his defense of entrapment. One of which instructed the jury that if it believed that the defendant had never before committed such an offense as the state had charged against him and never conceived any intention of committing the offense being prosecuted, the fact that the officers of the state incited and by persuasion and representation, lured him to commit the offense charged in order to entrap, arrest and prosecute him, then the defendant was not guilty under the law and was entitled to such a verdict. The evidence on behalf of the state is ample to show every element of a completed sale of LSD by appellant. The fact that the informer Smith had on several occasions requested appellant to secure drugs for him does not excuse appellant's conduct. Appellant is not charged with the crime involving personal or property rights of individuals, such as theft, burglary, trespass, rape and like offenses, where the consent of the owner or person might be an element of the offense. It is made a crime in this State to sell LSD and the fact that a person making such unlawful sale is induced to do so by an agent of the state does not excuse him from criminality even though it is for the purpose of prosecuting the seller. An officer or agent of the state by giving his consent to the sale, could not any more justify the act on the part of the defendant than could the consent of a private person. It is only where the accused is lured into an unlawful sale of drugs by a state official and is a mere passive instrument in their hands that entrapment would bar prosecution. Here, at the most, it was a question for the jury to determine whether appellant had been entrapped in committing the crime for which he was charged. The jury determined this issue and found that there was no entrapment. Laughter v. State, 235 So.2d 468 (Miss. 1970); Averitt (Averett) v. State, 246 Miss. 49, 149 So.2d 320 (1963); French v. State, 149 Miss. 684, 115 So. 705 (1928).
We have carefully examined the record in this case and considered all the errors assigned and find no reversible error. However, since this case was tried in the trial court, the Legislature has enacted a comprehensive narcotics act by the enactment of Senate Bill No. 1957 of the Regular Legislative Session of 1971. The act is *439 known as the Uniform Controlled Substances Act and it materially reduces the penalty that may be imposed for first offenders. This act also repealed Section 6866, Mississippi Code 1942 Annotated (Supp. 1970), under which appellant was sentenced. Section 24 of the Uniform Controlled Substances Act provides as follows:
24(f)
Any person who was convicted and/or who is still serving a sentence in the Mississippi State Penitentiary for a first offense under any act hereunder repealed may, upon the enactment of this act, petition the court of original jurisdiction for resentencing under the provisions of this act.
Section 24(g) of the act provides:
Any person previously indicted under a prior act for violation of any law regarding controlled substances but not yet sentenced shall be sentenced under the provisions of this act.
Appellant is a young man twenty-two years of age and, according to the record in this case, is a first offender, and we deem it proper and in keeping with the intention of the Legislature that his conviction be affirmed, but that the case be remanded to the trial court for an imposition of a sentence in accordance with the provisions of the Uniform Controlled Substances Act.
For the reasons stated, appellant's conviction is affirmed but the sentence heretofore imposed is set aside and this case is remanded to the trial court for the imposition of such sentence as the trial court may deem appropriate under the provisions of the Uniform Controlled Substances Act.
Affirmed and remanded.
GILLESPIE, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.