285 So.2d 152 (1973)
David JONES
v.
STATE of Mississippi.
No. 47454.
Supreme Court of Mississippi.
November 12, 1973.
*153 Milton R. Fairchild, Gulfport, for appellant.
A.F. Summer, Atty. Gen. by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
This is an appeal from the Circuit Court of the First Judicial District of Harrison County, Mississippi wherein the defendant was convicted of the unlawful sale and delivery of marijuana. Defendant was sentenced to pay a fine of $2,000 and serve four years in the state penitentiary with the penitentiary sentence being suspended. The principal issue presented by this appeal is whether defendant's conviction should be set aside on the ground that the defense of entrapment was established.
Defendant was arrested in April, 1972 and made several attempts to obtain a preliminary hearing. Pursuant to these attempts, hearings were set for May 5, May 12 and September 5, 1972, but on each occasion, a preliminary hearing was not held, either because the witnesses for the state were not available, or because the court was too busy.
After indictment defendant filed a pretrial motion requesting the state to inform him of the present whereabouts of Paul Agregaard, whether or not Paul Agregaard was a paid confidential informant and for a copy of the criminal record of Paul Agregaard. The court denied these requests made by the defendant.
In December, 1971 two agents employed by the Mississippi Narcotics Bureau, together with Paul Agregaard, a paid confidential informer, met defendant at the Club 300 and proceeded in Agregaard's automobile to a point where the defendant got out of the automobile, retrieved marijuana hidden by a telephone pole and sold it to one of the undercover agents for $15. The undercover agent gave defendant a $20 bill and they returned to the club. The agents remained in the automobile while defendant and Agregaard went into the club. Agregaard returned to the automobile, gave one of the agents $5 in change and the three then departed in the automobile. One of the agents testified that he paid Agregaard as a confidential informer $20 on one occasion for information.
It was against this background of procedure and testimony that defendant took the stand, admitted the sale and delivery of the marijuana and raised the defense of entrapment.
Defendant testified that he and Agregaard had "smoked" together and Agregaard approached him at the Club 300 and told him that he had a good friend in town who wanted to buy some marijuana; that Agregaard had marijuana for sale but was indebted to the friend and if he sold his friend the marijuana he would expect Agregaard to give him the marijuana to be applied on the debt. Defendant testified that he demurred to the request but finally agreed to make the sale for Agregaard. Thereafter Agregaard showed the defendant where the marijuana was hidden. It was retrieved by the defendant at the time of the sale and the defendant stated that he did not keep any of the money but gave *154 all of it to Agregaard. Agregaard did not appear and testify.
Defendant is a young man 20 years of age and at the time of the incident was a student at a junior college. He offered three character witnesses; one of whom was a neighbor who had known the defendant for 8 years, another a school teacher and the third a part owner of the business where defendant was employed. They all testified that he had a good reputation for truth and veracity in the community in which he lived.
The case was tried on November 20, 1972 after having been set for trial about one month previously. On November 16, 1972 defendant obtained a subpoena for Paul Agregaard and the sheriff's return showed that Paul Agregaard could not be found in his county after diligent search and inquiry.
The first question is whether or not the defense of entrapment will apply to the unlawful sale of narcotics.
At one time the rule in this state was that the unlawful sale of liquor was a violation of the law, regardless of the intent of the seller. This rule was adopted in French v. State, 149 Miss. 684, 115 So. 705 (1928) in a case where the defendant French claimed that he was entrapped by Schneider, an employee of the Federal Prohibition Forces in the sale of intoxicating liquor. French testified that the liquor which he sold was the property of Schneider; that Schneider owed him a large sum of money and Schneider intended to apply the proceeds of the sale of the whiskey on the debt; and, that Schneider represented to him that, as a Federal Prohibition Officer, he had a right to sell whiskey for the purpose of catching law violators. Appellant testified that he had first objected to selling the whiskey because he had formerly been "mixed up" in selling whiskey and did not want to become involved again and, except for the representations of Schneider, he would not have been connected with the sale. Defendant raised the defense of entrapment and presented three instructions on entrapment which were refused by the trial court. Schneider testified that the whiskey was the property of French and the sale was made by French to a purchaser who was requested by Schneider's superior to purchase whiskey for the purpose of prosecuting French. In affirming the conviction of French this Court stated:
There is an exhaustive case note appended to the case of Butts v. United States, [8 Cir., 273 F. 35] 18 A.L.R. 143. At page 162, the author lays down this headnote:
"The great weight of authority supports the view that a person making an unlawful sale of liquor is not excused from criminality by the fact that the sale is induced for the sole purpose of prosecuting the seller."
Marshaled under this headnote are cases from 18 states, as well as a number of federal cases.
There is proof abundant in this case to show every element of a completed sale. Appellant is not charged with a crime involving the personal or property rights of individuals, such as theft, burglary, trespass, rape, and kindred offenses, where the consent of the person or owner might be an element of the offense. It is made a crime against the state to sell whisky; and it will not avail defendant to say, "`I had no intention of violating the law.'" A sale of intoxicants is a violation of the law, regardless of the intent of the seller. Bacot v. State, 94 Miss. 225, 48 So. 228, 21 L.R.A.,N.S., 524, 136 Am.St.Rep. 574. The act of Schneider may be of doubtful propriety, and we are not called upon here to commend the same; nevertheless, such acts afford no justification for appellant. Schneider had no more right than did any other individual to consent to the violation of our state prohibition law, or to grant to appellant immunity from prosecution for its violation. If appellant relied upon such representation, and made *155 the sale, he did so at his own peril, and should suffer the consequences. He cannot now say, "`I was tempted, and did eat.'" There are authorities to the contrary, but we deem it safer to align ourselves with what seems to be the great weight of authority.
The court below committed no reversible error in refusing the instructions requested by appellant. The judgment of the lower court will therefore be affirmed. (149 Miss. at 691, 115 So. at 707).
In French, supra, the Court quoted from Bacot v. State, 94 Miss. 225, 48 So. 228, 21 L.R.A.,N.S., 524, 136 Am.St.Rep. 574 (1909), a case where the court held that where intoxicating liquors are sold as a beverage the seller cannot escape liability for an unlawful sale by showing that "the goods" were guaranteed by the wholesaler from whom he purchased, to be non-intoxicating and that he made the sale honestly so believing. In Bacot the Court stated:
Aside from the [well-known] exception in the case of pharmaceutical preparations, the law punishes the fact of selling intoxicants, regardless of the intent of the seller. He must see to it that the beverages he dispenses are non-alcoholic to the extent that intoxication in any degree will not be produced by even excessive consumption of the beverage... . (94 Miss. at 227, 48 So. at 228).
Bacot did not involve entrapment but dealt with a defense based on the good faith of the appellant in believing that he was selling a non-intoxicating beverage.
In McLemore v. State, 241 Miss. 664, 125 So.2d 86, 126 So.2d 236 (1960) McLemore was convicted of offering a bribe to a district attorney to influence his action in a pending suit. The Court held that the state's evidence supported the conclusion that the intent to make the offer to bribe originated in the mind of the defendant and stated with reference to entrapment as a defense the following:
The word "entrapment", as a defense, has come to mean the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him in its commission and prosecuting him for the offense. However, defendant cannot rely on the fact that an opportunity was intentionally given him to commit the crime which originated in the mind of the accused. The fact that an opportunity is furnished constitutes no defense. 1 Anderson's Wharton's Criminal Law and Procedure (1957), Sec. 132. There is a very clear distinction between inducing a person to do an unlawful act, and setting a trap to catch him in the execution of criminal designs of his own conception. (241 Miss. at 675, 125 So.2d at 91).
Thereafter in Averitt v. State, 246 Miss. 49, 149 So.2d 320 (1963), a case involving grand larceny, this Court laid down the general rule that entrapment was a question for the jury in the following language:
In any case, the defense of entrapment, like any other affirmative defense is a question of fact to be submitted to the jury, along with evidence in chief, as an issue to be determined by the jury. People v. Rodriguez, 61 Cal. App. 69, 214 P. 452 (1923). See also Note 55, 22A C.J.S. Criminal Law § 573, p. 319. (246 Miss. at 63, 149 So.2d at 326).
In McLendon v. State, 247 Miss. 510, 153 So.2d 711 (1963) the Court had occasion to again examine the defense of entrapment with reference to the sale of intoxicating liquor. McLendon was convicted in the county court for the unlawful sale of intoxicating liquor and appealed to the circuit court where judgment was affirmed. He appealed to this Court where the judgment of the circuit court was affirmed. The assignment of error was that the county court erred in refusing an instruction *156 requested by the defendant as to entrapment. The Court cited French, supra, and McLemore v. State, 241 Miss. 664, 125 So.2d 86, 126 So.2d 236 (1960). The opinion contained the quotation from French set forth above.
In McLendon the sheriff and deputy sheriff took two trusties from the Forrest County jail to act as driver and front seat passenger to Smith's Drive-In for the purpose of purchasing some whiskey. The officers were in the rear of a pickup truck with a covered body through which they had cut peep holes and arranged in such a way that they could see all occurrences on the outside, but persons on the outside could not see the officers on the inside. They arrived at the place and the trusty who was driving the truck inquired of the defendant if he could buy some whiskey. The defendant replied that he could, went into the building and shortly returned with a half-pint of whiskey for which the driver paid him $2.50, which had been furnished by the sheriff. The officers saw the transaction in its entirety and testified to the facts.
The Court held that the instructions were properly refused because none of the elements of entrapment existed in the case and stated:
None of the elements of entrapment exist in this case. The appellant was in the business of selling whiskey. The actions of the officers, instead of being an entrapment, were a mere trick for the purpose of buying from a bootleg establishment. Since the appellant was in the business of selling whiskey, the crime was originally contemplated by him. He cannot profit from the fact that an opportunity was purposely given to him to commit a crime which originated in his own mind. (247 Miss. at 512, 153 So.2d at 712). (Emphasis supplied).
This case is an indication that the Court was retreating to some degree from the rule in French that "a sale of intoxicants is a violation of the law, regardless of the intent of the seller," and leaning toward the subjective rule set forth in McLemore, supra.
In Miller v. State, 234 So.2d 297 (Miss. 1970), defendant was found guilty of attempted kidnapping and assigned as error the action of the trial court in overruling appellant's motion for a directed verdict on the defense of entrapment.
The Court distinguished this case from Strait v. State, 77 Miss. 693, 27 So. 617 (1900) and cited Averitt, supra, McLemore, supra, and Hogan v. State, 233 So.2d 786 (Miss. 1970) to the effect that in our jurisdiction the rule of law is that if the criminal intent originates with the accused and the officers merely furnish the opportunity and means for the accused to consummate the purpose of the criminal intent such action on the part of the officers does not constitute entrapment. The Court stated:
In applying this rule to the facts of the present case we conclude that the defendant was not induced to commit a crime not originally contemplated by her for the purpose of entrapment. We are therefore of the opinion that this assignment is without merit. (234 So.2d at 301).
In the case of Reeves v. State, 244 So.2d 5 (Miss. 1971), an undercover agent for the state testified that Reeves sold him 20 LSD tablets for $80. The state's case was that the undercover agent went to defendant's apartment to buy LSD and the sale was consummated in an automobile. The defendant's version was that his roommate had left a package, which he thought contained food, but when the undercover agent arrived while his roommate was not at home, he delivered the package to the undercover agent in accordance with instructions from his roommate. Defendant denied there was any discussion of LSD. The Court stated:
Under the defendant's version of the events which occurred, there is no asserted *157 fact which would warrant submitting to the jury the issue of entrapment. To invoke this defense, it must necessarily be assumed that the act charged as an offense was committed... . (244 So.2d at 6).
In this case the Court stated that the trial court properly refused to submit to the jury an instruction on entrapment and reaffirmed the definition of entrapment as set forth in McLemore, supra.
Both this case and Hogan, supra, hold that in order to invoke the defense of entrapment it must necessarily be assumed that the act charged was committed. In Hogan, supra, the statement was made:
But more than this, in the present case, Hogan's defense was an alibi. He testified that, at the time of the sale, he had not been in Rankin County but had been attending a horse show in the State of Louisiana. He denied unequivocally that he had committed the act which constituted the crime. In these circumstances, he cannot be heard to say that he was entrapped into committing an act which he denies absolutely having committed. (233 So.2d at 788).
In Laughter v. State, 235 So.2d 468 (Miss. 1970) one of defendant's assignments of error was that the lower court erred in overruling his motion for a peremptory instruction on the ground that his uncontradicted testimony proved that the actions by the authorities constituted illegal entrapment of the defendant under the laws of this state. Laughter, the defendant, accompanied an undercover agent and confidential informant to Memphis, Tennessee and purchased some marijuana. Upon returning to Mississippi he delivered the marijuana to the undercover agent after asking for and receiving $5 for his services. The Court stated that if the defendant had merely shown the undercover agent and the informant where to purchase the marijuana he would have made out a case of entrapment, but when he asked for and received an additional $5 for his services before delivering possession of the marijuana, this constituted an overt act toward the commission of a crime and defendant's participation therefore became active and not passive and subservient.
The Court stated:
The disposition of this case revolves itself around the appellant's second assignment of error. The defense of entrapment hinges itself upon the question of whether the intent to commit the crime already existed in the mind of the accused and he simply seized upon the opportunity to execute it when it was offered to him, or of whether some other individual not only furnished the opportunity but implanted the criminal design and intent in the mind of the accused for the purpose of catching him in flagrante delicto. While it is permissible in the detection of crime to furnish potential criminals with an opportunity to execute an offense of a kind which there is reasonable ground to believe that they have committed or intend to commit, criminal intent and activity which otherwise would not have existed must not be instigated. The courts will not, as a matter of good policy, sanction a conviction where a person was not justly an object of suspicion and through undue influence or pressure by an officer or informant was induced to become a criminal. Resolution of this question thus becomes a determination from the evidence adduced as to the existence of this element of implanting a criminal intent into the mind of a previously innocent party. (235 So.2d at 471). (Emphasis supplied).
In Smith v. State, 248 So.2d 436 (Miss. 1971) defendant was convicted for the illegal sale of LSD and complained on appeal that he was entrapped by officers of the state. The trial court granted, at defendant's request, three instructions dealing with the defense of entrapment and on appeal this Court held that it was a question for the jury to determine whether the defendant had been entrapped.
*158 The Court stated in Smith the following:
Appellant is not charged with the crime involving personal or property rights of individuals, such as theft, burglary, trespass, rape and like offenses, where the consent of the owner or person might be an element of the offense. It is made a crime in this State to sell LSD and the fact that a person making such unlawful sale is induced to do so by an agent of the state does not excuse him from criminality even though it is for the purpose of prosecuting the seller. An officer or agent of the state by giving his consent to the sale, could not any more justify the act on the part of the defendant than could the consent of a private person. It is only where the accused is lured into an unlawful sale of drugs by a state official and is a mere passive instrument in their hands that entrapment would bar prosecution. Here, at the most, it was a question for the jury to determine whether appellant had been entrapped in committing the crime for which he was charged. The jury determined this issue and found that there was no entrapment. Laughter v. State, 235 So.2d 468 (Miss. 1970); Averitt (Averett) v. State, 246 Miss. 49, 149 So.2d 320 (1963); French v. State, 149 Miss. 684, 115 So. 705 (1928). (248 So.2d at 438). (Emphasis supplied).
In Alston v. State, 258 So.2d 436 (Miss. 1972) defendant was convicted of the sale of marijuana and one of his assignments of error was that the lower court erred in refusing to submit to the jury the question of instructions dealing with the question of entrapment. The proof showed that the undercover agent had asked the defendant on several occasions to buy him some marijuana; each time the defendant refused and finally the defendant sold the undercover agent marijuana for $15 and testified that he charged the same amount as he had paid for it.
This Court held that the testimony of the defendant was not sufficient to raise the issue of entrapment and stated:
This Court has repeatedly held that a person making an unlawful sale of contraband is not excused from criminality by the fact that the sale was induced for the purpose of prosecuting the seller. French v. State, supra; McLendon v. State, supra. The fact that an informer had on several occasions requested defendant to secure drugs for him does not excuse a sale of drugs to the informer. Smith v. State, supra; Laughter v. State, 235 So.2d 468 (Miss. 1970). (258 So.2d at 438). (Emphasis supplied).
This case does not prohibit the defense of entrapment for the sale of contraband, but where a sale is made on the solicitation of an officer, such solicitation alone does not entitle defendant to have the question of entrapment submitted to the jury for its determination.
In McLendon, Hogan, Reeves, Laughter, Smith and Alston, supra, this Court has recognized that the defense of entrapment is available where the unlawful sale of intoxicating liquor or drugs is involved. In some of the cases the issue was permitted to go to the jury but in others the court held that the defense should not be submitted to the jury because the facts under the particular case were not sufficient to raise the defense of entrapment; however, these cases clearly indicate that the rule announced in French has been modified.
We come now to the proposition of whether or not the defendant was entitled to a directed verdict because the marijuana which he sold was supplied to him by a paid confidential informant. The undercover agents were not aware of the fact that Agregaard, the confidential informant, had furnished the marijuana to the defendant *159 at the time they made their purchase, but their lack of knowledge on this point would not bar the defense of entrapment. In Alston, supra, the Court stated that entrapment was an affirmative defense and the defendant must go forward with proof necessary to establish the defense, and if he does so the state has the burden of proof on that issue. In this case the defendant, by his testimony, established the defense of entrapment with no rebuttal on the part of the state.
This is the first case in this jurisdiction where the very narcotics which gave rise to the offense were furnished by a paid confidential informer. In People v. Strong, 21 Ill.2d 320, 172 N.E.2d 765 (1961) the Illinois Court in considering a similar problem stated:
From an examination of the record, and giving full credence to the testimony of the witnesses for the People, we think the undisputed testimony of defendant strongly tends to prove that defendant was supplied with the narcotics by Reynolds, the government employee. While we are sympathetic to the problems of enforcement agencies in controlling the narcotics traffic, and their use of informers to that end, we cannot condone the action of one acting for the government in supplying the very narcotics that gave rise to the alleged offense. We know of no conviction for sale of narcotics that has been sustained when the narcotics sold were supplied by an agent of the government. This is more than mere inducement. In reality the government is supplying the sine qua non of the offense. (172 N.E.2d at 768).
In People v. Carmichael, 80 Ill. App.2d 293, 225 N.E.2d 458 (1967) the court held that where a defendant testified that he was supplied by a police informer with narcotics which were the subject of an illegal sale, and the testimony of the informer did not controvert the defendant's claim nor did any other testimony, defendant proved entrapment and should have been discharged.
We are of the opinion that since the marijuana, which was the subject of the sale by defendant, was supplied to him by a confidential informant, the criminal design was that of the confidential informant rather than the defendant and defendant proved his defense of entrapment.
The United States Supreme Court has considered the various aspects of the defense of entrapment in three cases: Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).
In Russell, supra, the Court held that the defense of entrapment was not of a constitutional dimension and laid down criteria applicable to trials under federal law only. In Sorrells, supra, the Court addressed itself to the evidentiary problems in cases where the defense of entrapment was interposed. In Sorrells the Court stated:
Objections to the defense of entrapment are also urged upon practical grounds. But considerations of mere convenience must yield to the essential demands of justice. The argument is pressed that if the defense is available it will lead to the introduction of issues of a collateral character relating to the activities of the officials of the government and to the conduct and purposes of the defendant previous to the alleged offense. For the defense of entrapment is not simply that the particular act was committed at the instance of government officials. That is often the case where *160 the proper action of these officials leads to the revelation of criminal enterprises. Grimm v. United States, 156 U.S. 604, 15 S.Ct. 470, 39 L.Ed. 550, supra. The predisposition and criminal design of the defendant are relevant. But the issues raised and the evidence adduced must be pertinent to the controlling question whether the defendant is a person otherwise innocent whom the government is seeking to punish for an alleged offense which is the product of the creative activity of its own officials. If this is the fact, common justice requires that the accused be permitted to prove it. The government in such a case is in no position to object to evidence of the activities of its representatives in relation to the accused, and if the defendant seeks acquittal by reason of entrapment he cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue. If in consequence he suffers a disadvantage, he has brought it upon himself by reason of the nature of the defense. (287 U.S. at 451, 53 S.Ct. at 216, 77 L.Ed. at 422).
Although the rules announced in the above cases are not binding in state prosecutions under state law, we are of the opinion that the above quotation from Sorrells pertaining to the scope of proof is well reasoned, has a sound basis in logic and is consistent with the holding of our cases pertaining to the defense of entrapment, particularly Laughter and Smith, supra.
The defendant was entitled to a directed verdict and we therefore reverse and discharge the defendant.
Reversed and rendered.
GILLESPIE, C.J., and PATTERSON, INZER and SMITH, JJ., concur.