304 So.2d 656 (1974)
Ernie Ree AINSWORTH
v.
STATE of Mississippi.
No. 48143.
Supreme Court of Mississippi.
December 23, 1974.
Rehearing Denied February 10, 1975.
*657 Stewart & Burks, Picayune, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., and Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
Defendant was convicted in the Circuit Court of Pearl River County for the sale of marijuana and sentenced to serve 10 years in the State Penitentiary.
Defendant contends that the verdict of the jury was against the overwhelming weight of evidence. He admitted making the sale as charged but relied on entrapment as a defense which was submitted to the jury under proper instructions and rejected. The defense of entrapment, like any other affirmative defense, is a question of fact to be determined by the jury from the evidence adduced at the trial. Jones v. State, 285 So.2d 152 (Miss. 1973); Smith v. State, 248 So.2d 436 (Miss. 1971) and Averitt v. State, 246 Miss. 49, 149 So.2d 320 (1963).
We have carefully reviewed the evidence and are of the opinion that the jury's verdict is supported by it. The jury is the sole judge of the credibility of witnesses and the weight and worth of their testimony. This Court will not set aside a verdict of guilty unless it is clear that the verdict is a result of bias, prejudice or fraud, or is manifestly against the weight of credible evidence. Nash v. State, 278 So.2d 779 (Miss. 1973); Campbell v. State, 378 So.2d 420 (Miss. 1973); McLelland v. State, 204 So.2l 158 (Miss. 1967).
The defendant also contends that the trial court erred in overruling his motion for a new trial. He attached an affidavit to his motion for a new trial in which the affiant stated that he was present on September 15, 1973, following the arrest of defendant on September 10, 1973, when Mrs. Alfred Martin and her husband visited defendant in the defendant's home. Mrs. Martin was later *658 subpoenaed and served as a juror on the case. During the course of the visit, defendant related his version of his involvement in the marijuana charge resulting in his arrest. The affidavit further stated that one of the Martins told defendant that it might be God's will that he go to prison because God sometimes punished those he loves; that Mrs. Martin read some scriptures, led in a prayer and as they were leaving defendant's home, gave defendant a book and encouraged him to read it, the title of the book being Prison To Praise; that in a general conversation about defendant's predicament, Mr. Martin stated, "You can't ever tell who your friends are" and that the Martins "gave every appearance by their conversations that they were sympathetic to the Ainsworth family in their problem." Defendant did not reveal the above incident to his attorneys at the time the jury was selected but elected to submit the case to the jury on which Mrs. Martin served. He cannot complain on appeal about the qualification of this juror because he knowingly permitted the juror to serve, undoubtedly thinking that he would be tried by a jury which included one in sympathy with him.
The trial court properly overruled the motion for a new trial for the further reason that no sworn testimony was presented in support of the motion for a new trial. The ex parte affidavit did not constitute proof of the allegations of the motion for a new trial.
The defendant also contends that the court abused its discretion by sentencing him to a term of 10 years in the State Penitentiary. It is well settled that the imposition of a sentence is within the discretion of the trial court and this Court will not review the sentence if it is within the limit prescribed by statute. Boone v. State, 291 So.2d 182 (Miss. 1974); Crapps v. State, 221 So.2d 722 (Miss. 1969).
We have carefully considered the other assignments of error urged by defendant, but find no merit in them.
Affirmed.
RODGERS, P.J., and PATTERSON, INZER and WALKER, JJ., concur.