380 So.2d 248 (1980)
William Ray TORRENCE
v.
STATE of Mississippi.
No. 51720.
Supreme Court of Mississippi.
February 27, 1980.
*249 Harry L. Kelley, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and WALKER and LEE, JJ.
WALKER, Justice, for the Court:
This is an appeal from the Circuit Court of the First Judicial District of Hinds County, Mississippi, wherein the defendant, William Ray Torrence, was indicted, tried and convicted of the unlawful sale of marijuana and sentenced to serve a term of five years imprisonment in the custody of the Mississippi Department of Corrections and to pay a fine of $1,500.00.
The defendant contends that a police informer supplied the narcotics which provided the basis for the charges against him and that this constituted entrapment as a matter of law. We agree and reverse.
The state's case consisted of the testimony of investigators Dewey Bryant and Bennie Nutt of the Hinds County Sheriff's Department, and, that of Officer Milburn Truelove of the Jackson Police Department. The substance of their testimony related to the information received from Sue Jordan, a confidential informer, who informed the officers of a suspect who was selling drugs and advised them how a sale could be consummated.
Dewey Bryant testified that although Jordan was not a paid employee, she did, from time-to-time, provide information concerning drug sales, to be repaid in turn by a favorable recommendation to the district attorney's office, where several counts of burglary were then pending against her. Bryant further testified how the sale was actually consummated at a local tavern, known as the "Town Pump," with Sue Jordan present at the time of the sale. Sue Jordan, the confidential informant, did not testify at the trial and no explanation was given by the state for her absence.
The defendant testified in his own behalf that he had known the police informer, Jordan, for ten years prior to the arrest; that prior to April 8, 1979, the day of the sale, Jordan had called him on several days wanting him to do a favor for her; that she needed to make a sale of marijuana, because she was in a bind for money. The defendant testified that he did not want to get involved and refused to sell the marijuana for her. However, on the morning of April 8, 1979, she called again and asked that he make a sale for her. Refusing again, he went to the "Town Pump" Tavern. Jordan called him there later that day with the same story, i.e., that she owed a man some money with whom she had arranged a sale, but if she sold it to him directly, he would be expecting the money back that she owed him, and she needed the money.
The defendant then described how Jordan furnished the marijuana and how the sale was consummated. He stated that Sue Jordan introduced the state agent to him as a painter and that after consummating the sale, he gave the money to Jordan. Following the defendant's case in chief, no evidence was presented by the state in rebuttal which would contradict the defendant's story as to Sue Jordan's role in the transaction.
It is the defendant's sole contention that his uncontradicted testimony establishes entrapment as a matter of law, and, that the burden was on the state to rebut such evidence and the state failed to sustain that burden. This Court had the same question before it in the recent case of Sylar v. State, 340 So.2d 10 (Miss. 1976). There it was shown that Sylar, after declining on several occasions, consented to a Mississippi Narcotics Bureau undercover agent's request to deliver a one-pound package of marijuana to a "friend," who was also an undercover agent. Sylar was also instructed to collect from the latter $120.00. Sylar consummated the sale and returned the state funds back to the first agent's residence. *250 In reversing and discharging the defendant, the Court quoted with approval from State v. Talbot, 71 N.J. 160, 364 A.2d 9 (1976), wherein the New Jersey Supreme Court stated this rule:
This appeal poses the issue whether entrapment is established as a matter of law if an informant, while acting in concert with an undercover police officer, but unknown to the officer and contrary to instructions, supplies the defendant with heroin for the purpose of then arranging a sale of the heroin by defendant to the undercover officer, which sale is then consummated. We hold that it is. (364 A.2d at 10).
The Court continued:
We hold that where an informer or other agent generally acting in concert with law enforcement authorities, furnishes a defendant with heroin for the purpose of then arranging a sale of the heroin by the defendant to an undercover officer, which sale is then consummated, defendant has been entrapped as a matter of law even though predisposition to commit the crime may appear, and notwithstanding that the furnishing of the heroin is unknown to and contrary to the instructions of the law enforcement authorities. Those authorities, having set the agent to work in enticing the defendant, the prosecution should bear the onus of the means selected by the agent. See State v. McKinney, 108 Ariz. 436, 501 P.2d 378, 381-382 (1972); State v. Boccelli, 105 Ariz. 495, 467 P.2d 740, 742 (1970); People v. Strong, 21 Ill.2d 320, 172 N.E.2d 765, 768 (1961); State v. Overmann, 220 N.W.2d 914, 816-917 (Iowa Sup.Ct. 1974); Jones v. State, 285 So.2d 152, 159 (Miss. Sup.Ct. 1973); State v. Sainz, 84 N.M. 259, 501 P.2d 1247, 1248 (Ct.App. 1972); Lynn v. State, 505 P.2d 1337, 1344 (Okl.Cr.App. 1973). But see Proposed New Jersey Penal Code § 2C:2-12 (1971). (364 A.2d at 13).
We also held in Jones v. State, 285 So.2d 152 (Miss. 1973), that a conviction for the sale of narcotics must be reversed where the state failed to controvert defendant's testimony that the confidential informant supplied the marijuana which appeared to be the subject of an illegal search. In our decision in the Jones' case, we relied on People v. Carmichael, 80 Ill. App.2d 293, 225 N.E.2d 458 (1967), in which case the Illinois Appellate Court, faced with the same contention, held that where a defendant testified that he was supplied by a police informer with narcotics which were the subject of an illegal sale, and the testimony of the informer did not controvert the defendant's claim nor did any other testimony, defendant proved entrapment and should have been discharged.
Since the state did not call Sue Jordan as a witness to refute the defendant's testimony that she supplied him with the marijuana and arranged the sale or to controvert that claim by any other evidence, Torrence proved entrapment as a matter of law.[1]Jones v. State, supra, and Sylar v. State, supra.
By giving credence to the uncontroverted testimony of the defendant, we do not mean to imply that Investigator Bryant either supplied the confidential informant, Jordan, with narcotics or knew that Jordan supplied the defendant. Nonetheless, the state is responsible for the undenied actions of their informer when the defense of entrapment is raised.
The conviction and sentence of appellant are reversed and appellant discharged.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] There may well be circumstances where the authorities, in order to flush out criminal activity, may furnish a suspect with contraband and subsequently purchase that contraband from him. Compare United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). But, this is not such a case.